## SUPREME COURT.

### HOWELL agt. FRASER AND OTHERS.

An allegation that the party "*believes*" a fact to exist, is equal to an allegation that the fact exists, "*as he believes*"; and where the law allows a statement on belief, either form of expression is equally an allegation of such fact.

If a pleading is correct in substance, but not in form, the remedy is by motion, not by *demurrer*.

*New York Special Term, Nov.* 1851. *Motion for judgment on account of the frivolousness of the demurrer.* The complaint is on a promissory note against maker and indorsers, and alleges the presentment to the maker and notice to the indorsers, in this way: " he *believes* that when the said note became due and payable it was duly presented for payment, and payment thereof was duly demanded, but the same was not paid; and that due notice thereof was given to the defendants, the indorsers."

—— ——, *for Motion.*

—— ——, *Opposed.*

MITCHELL, Justice.—The defendants demur, and say that there is no allegation of presentment or notice; the reason assigned for this cause of demurrer is because the complaint states that the plaintiff believes that the note was presented, &c.; and it does not aver that the note was presented *as* the plaintiff believes, or is informed and believes; and it is said that this is an attempt to put in issue the plaintiff's *belief,* and not the fact that the note was presented.

Howell agt. Fraser and others-

This is an objection merely to the form of expression which the plaintiff uses in his averment; it is to the phraseology of the plaintiff, and to no matter of substance.

A statement that a fact exists as the party believes, is no more an averment of its existence than a statement that he believes it to exist; in each case it is a statement only of his belief, or on his belief; and where the law allows a statement on belief, either form of expression is equally an allegation of such fact.

It might as well be said that if the complaint were that the plaintiff positively avers or says, on his own knowledge, that the presentment was duly made, that this tendered an issue on the plaintiff's saying so, or on his averring so, and not on the fact of the presentment, as that the form used tendered an averment on the belief.

If a pleading is correct in substance, but not in form, the remedy is not by demurrer but by motion to make it more certain or definite, or by some other way than demurrer. The Code never was intended that judgment should be given against a party who has merits, for a matter of mere form.

It directs the court, in every stage of the action, to disregard any *error or defect in the pleadings* which shall not affect the substantial rights of the adverse party ($ 176). It would be hard to show how the substantial rights of the defendants are injured by the mode of pleading adopted, any more than by the one which he suggests.

The motion for judgment on account of the frivolousness of the demurrer is allowed, with ten dollars costs.