We are unable to perceive any error in the record, and the judgment of the court of common pleas must therefore be affirmed.

Judgment accordingly.

PECK, GHOLSON, BRINKERHOFF and SCOTT, JJ., concurred.

---

### J. B. STOUTENBURG *v*. ARCHIBALD LYBRAND ET AL.

1. An agreement that a defendant in a proceeding for divorce shall withdraw his or her papers, and make no defense in the case, is against public policy, and therefore void; and a promissory note, executed in consideration and pursuance of such agreement, is without valid consideration.
2. Where facts, constituting a cause of action or defense, are stated in a pleading as matter of belief only, and not positively, an objection to this mode of statement can not be raised by demurrer.
3. Allegations or denials that a party was, at a particular time, the owner or holder of a negotiable promissory note, are not *mere* conclusions of law. As statements of fact, they may be indefinite, but this defect is not the subject of demurrer. *Trustees of School Section* 16, *etc.* v. *Odlin*, 8 Ohio St. Rep. 293, approved and followed.

ERROR to the district court of Delaware county.

Lybrand, the defendant in error, brought suit, in the court of common pleas of Delaware county, in July, 1859, against J. B. Stoutenburg as the maker, and J. C. Evans as the indorser, of a promissory note, for one hundred and twenty-five dollars, dated April 22, 1857, and payable, with interest from date, to Jane Stoutenburg, or order, on or before the 22d day of April, 1859. The petition averred that the note in suit was assigned by Jane Stoutenburg, the payee, on the 3d of May, 1858, for a valuable consideration, to one John Harper, who afterward indorsed the same in blank; and that,

after said indorsement by Harper, on the 18th of April, 1859, the said J. C. Evans, then being the owner and holder of said note, assigned and indorsed the same to the plaintiff, for a valuable consideration, waiving demand and notice. And averring nonpayment of the note, the petition demands judgment against Stoutenburg and Evans.

To this petition Stoutenburg answered, in substance, that said note was given without any legal consideration; that, prior to its date, a suit had been instituted by him against the said Jane Stoutenburg, who was then his wife, to obtain a divorce; and while this suit was pending, an agreement was made, by and between the counsel of the respective parties, that the said Jane Stoutenburg should, on her part, withdraw her papers filed in the cause, and make no defense therein, and that he, the said J. B. Stoutenburg, should, on his part, pay to the counsel of the said Jane one hundred dollars, in cash, for her use, and should also execute sundry promissory notes for her benefit, amounting in the aggregate to five hundred dollars; that he protested against this arrangement of counsel, and would not consent or agree thereto; but, after obtaining a decree of divorce, did, at the urgent solicitation of his counsel, pay the said sum of one hundred dollars, and execute the said promissory notes, one of which is the note in suit; and that said note was executed and delivered without any other consideration. In further answering, he " avers that he is informed and believes that the said John Harper, mentioned in said petition, never was the owner of the note therein described, and that the said Harper had full knowledge of the facts herein set forth, as to the consideration of said note, before the 3d day of May, 1858; and he avers that the said J. C. Evans received said note from the said John Harper, with a full knowledge of the want of consideration for the execution of said note; and he says that he verily believes the said Archibald Lybrand was not at the commencement of this suit, and is not at the present time, the owner of the note in said petition described, and that the said J. C. Evans was the holder of said note

when the same became due, and has since made demand of payment thereon."

To this answer the plaintiff below demurred, as not stating facts sufficient to constitute a defense to his action, in that the matters set forth in said answer are stated upon information and belief, and not as facts.

This demurrer was sustained by the court, and the defendant, Stoutenburg, failing to answer further, judgment was entered against him and Evans for the amount of the note and interest.

A petition in error was thereupon filed, by the present plaintiff, in the district court, upon the hearing of which the judgment of the court of common pleas was affirmed; and the plaintiff now seeks to reverse this judgment of affirmance, on the ground that the court of common pleas erred in sustaining the demurrer to the answer of Stoutenburg.

*Burns & Dickey*, for plaintiff in error :

By the demurrer to the answer of the defendant below, two questions are made :

*First.* That the answer does not contain facts sufficient to constitute a defense to the plaintiff's petition.

*Second.* The allegations of the answer are stated as from information and belief, and not averred *positively*.

The first ground of demurrer admits the *truth* of the allegations contained in the defendant's answer. The answer avers *positively* that *no other* or *different* consideration ever existed or passed for the execution and delivery of the note, described in the petition, than the withdrawal by the said Jane Stoutenburg of her papers and defense in the suit then depending between her and her husband for divorce, and her agreement to make no *defense* to said action and proceeding for divorce then pending.

I maintain that this constitutes no valid consideration; that the contract is against public policy, and absolutely void. Wright's Rep. 643 ; Bishop on Marriage and Divorce, sections 300 to 304. And, as analogous, see 3 Seldon, 176

Stoutenburg *v.* Lybrand et al.

The case of *Viser* v. *Bertrand*, 14 Ark. 267, 19 Ark. 487, is precisely in point.

As to the second cause of demurrer: the objection, if a good one at all, must be by motion, and not by demurrer. Code, sec. 118; 9 Ohio St. Rep. 424; 11 Ohio St. Rep. 183, 187, 188.

But even on demurrer or motion such form of pleading is sufficient. 9 Ohio St. Rep. 424; 11 Ohio St. Rep. 183–187; Swan's Pl. & Prec. 216, 217. The code is to be *liberally* construed. Section 114.

*Reid & Eaton*, for defendant in error:

1. The answer of Stoutenburg, so far as any application of his defense to the defendant, Lybrand, is concerned, does not state facts, but only his belief, which, under the code, is insufficient. (See sections 82 and 92.) The allegation in Lybrand's petition, that Evans, the owner and holder of the note, for a valuable consideration, assigned and indorsed the same to Lybrand before maturity, is a "material allegation," as is also the indorsement itself, which is set forth in the copy of the note attached to and made a part of the petition; which allegations are not denied by the plaintiff in error. Stoutenburg, in his answer, merely set up his *belief* that Lybrand was not the owner of the note; thereby making an issue of his belief instead of an issue of facts; and, taking the verification with the answer, he swears that "he believes that he believes," etc. So far as the merits of the case are concerned, it is of course no consequence what he believes; he must state facts, and may then state, in his verification, that he believes the facts stated to be true. See *Truscott* v. *Dole*, 7 How. 221.

2. In stating that Lybrand "was not at the commencement of the suit, and is not at the present time, the owner of the note in the petition described," the answer merely denies a conclusion of law, and is for that reason insufficient, as has been frequently decided in the practice under the New York code. *Pierson* v. *Squire*, 1 Code Rep. 91 (N. Y.); Same, 84:

*McMurry* v. *Gifford*, 1 Pr. R. 14; *Biddington* v. *Davis*, 6 Pr. R. 402.

3. The statements made in the answer do not make out an illegal consideration for the note. It is claimed that the consideration was the withdrawal, from the files of the court, of the papers of Jane Stoutenburg (the original payee of the note), then the wife of plaintiff in error, in a proceeding, on his part, to obtain a divorce. What these papers were the answer does not definitely state; but, from the circumstances stated, it is fairly to be presumed that her papers were filed, on her part, to obtain an allowance, as alimony, for property of hers by him received and consumed, and that the note was given in settlement of the amount agreed upon between the parties, as reasonable and right, to be paid by him toward her support, in the event of their separation—a consideration good in law. Story on Contracts, sec. 563.

Any of which three defects being fatal to the answer, the demurrer ought to be sustained.

SCOTT, J.—The question of the sufficiency of the answer of Stoutenburg, in the court below, may properly be considered under two heads:

1. Does it show such a want of consideration as would avoid the note in the hands of the payee? And, if so, then,

2. Are such facts stated as make the same defense available against the plaintiff below, who sues as indorsee and holder of the note?

As to the first point, we think it clear, both upon principle and authority, that a contract which provides that the defendant in a proceeding for divorce shall make no defense thereto, is against public policy, and therefore void.

The tendency of such agreements is to mislead the court in the administration of justice, and injuriously affect public interests. *Viser* v. *Bertrand*, 14 Ark. 267; Wright's Rep. 643. Payment of a note, executed upon such illegal consideration, can not be enforced. And as the answer in this case averred that the note in suit was executed solely upon

such a consideration, it states facts which constitute a good defense as against the payee.

In regard to the second point, the answer is good, if it state facts which show that the intermediate indorsees, through whom the note passed to the plaintiff, severally received it, with knowledge of the want of legal consideration; and that it was not transferred to the plaintiff before its maturity. The answer does contain what was no doubt intended as a statement of such facts; but objection is taken to the mode of statement; because, as to some of them, the averments are not direct as to the existence of the facts, but only as to the defendant's information and belief of their truth; and, as to another, that it is not a statement of *fact*, but of a conclusion of law. The strictness of the common law rules of pleading would unquestionably condemn such an answer, upon demurrer. But the code has abolished the former rules of pleading, and prescribed, in their stead, others, essentially different. Under the code, demurrers go to the *substance* and not to the *form* of pleadings. If a pleading, liberally construed, sets out a sufficient cause of action or defense, though it may be defectively stated, a demurrer to it will not lie. Objection to defects extending only to the mode of statement must be taken by *motion*. The code requires the allegations of a pleading to be expressed in ordinary language, and in determining their sufficiency, these allegations are to be liberally construed, with a view to substantial justice between the parties. Sections 85, 92, 114. Now, though in this case, by giving a strict construction to the language used, it might be said that the party attempts to set up the facts of his information and belief as a defense, yet it is quite apparent, without much liberality of construction, that it is not *his belief*, but the *facts believed to exist*, upon which he relies for his defense. Any pleading under the code, taken in connection with its proper verification, amounts to nothing more than a statement, under oath, of what the party pleading believes to be true. As a general rule, the proper mode is to state the facts directly and positively in the body of the pleading, and let the verification show that

this statement is made as matter of belief only. But viola-
tions of this rule which do not affect the substance of the
cause of action, or the grounds of defense, can not be reached
by demurrer. Under the 118th section of the code, the
plaintiff below might, perhaps, upon motion, have had the
words " he is informed and believes" stricken out from the
answer, as redundant. If he thought himself prejudiced by
their insertion, this was his proper remedy.

Another objection made to the answer is, that in averring
that Lybrand, the plaintiff below, was not the owner of the
note, the defendant states, not a fact, but a mere conclusion
of law. The plaintiff had in his petition alleged, as a mate-
rial fact, that four days before the maturity of the note in
suit, one J. C. Evans being then the owner and holder there-
of, for a valuable consideration, assigned and indorsed the
same to the plaintiff. In answer to this averment, Stouten-
burg says that the plaintiff " was not, at the commencement
of the suit, and is not at the present time the owner of the
note in said petition described, and that said J. C. Evans was
the holder of said note when the same became due." Now,
if an averment, or denial that a party was at a particular time
the owner or holder of a note, be the statement of a mere
conclusion of law, the petition of the plaintiff below was
liable to the same objection which is now made to the answer.
For no facts are stated in the petition which show that Evans,
by whose assignment the plaintiff claims title, had any inter-
est in the note or power to assign it, except the averment
that Evans was at the time of the assignment the owner and
holder of it. The answer is, therefore, good enough for a
bad petition.

But such allegations are not *mere* conclusions of law.
Ordinarily, in contracts and business transactions, they are
regarded as allegations of the facts upon which the legal
conclusion rests, as well as of the conclusion itself; and
though, in pleadings, such allegations of fact are frequently
indefinite, and may, therefore, be objected to by motion, yet
they are good on demurrer. So it was held by this court in
the case of *The Trustees of School Section, etc.* v. *Odlin*, 8

Ohio St. Rep. 293, and we think that decision is in harmony with the requirements of the code. In this case, the answer substantially denies, that Evans did, in good faith, and for a valuable consideration, assign and indorse the note in suit to the plaintiff before its maturity, for it avers that Evans continued to be and was the holder of it, after maturity. And if this fact be true, waiving all questions as to the denial of the plaintiff's subsequently acquired ownership, the note in his hands is subject to all defenses existing against the prior parties.

We think the court of common pleas erred in sustaining the demurrer to the answer, and therefore reverse its judgment, as well as the judgment of affirmance in the district court, and remand the case to the court of common pleas.

SUTLIFF, C.J., and PECK, GHOLSON and BRINKERHOFF, JJ., concurred.