## THACKARA, BUCK & CO., *Respondents, v.* REID, KINSEY AND GREELEY, CO-PARTNERS, &c., *Appellants.*

ALLEGATION ON INFORMATION AND BELIEF.—When the Plaintiffs are non-residents, and their complaint is verified by their Attorney, an allegation of the facts of Plaintiffs' co partnership capacity, "on information and belief," is sufficient.

DEMURRER FOR AMBIGUITY, WHEN PROPER.—The 7th Cause of Demurrer under Section 40, of the Code "that the complaint is ambiguous, &c.," has no reference to the mode of alleging facts upon information and belief, and a complaint is not ambiguous or evasive by reason of the single fact that allegations are made on information and belief.

VERIFICATION BY ONE NOT A PARTY.—Pleading must be in the name of the party, but may be in such form as to be truthfully verified by the Attorney within the limits, and under the circumstances provided by the Code.

APPEAL from the Third District Court.

The facts appear in the opinion.

*J. C. Hemingray,* for Appellants.

*Marshall & Royle,* for Respondents.

LOWE, C. J., delivered the opinion of the Court.

The action was upon an account stated. The alleged errors arise upon the overruling of the Defendants' demurrer to the complaint. The complaint commences in

these words : "Plaintiffs complaining of the Defendants upon their information and belief allege," following which are appropriate averments of the partnership capacity of the Plaintiffs and Defendants, and the necessary facts to show a good cause of action.   The demurrer is upon two alleged grounds :

1st.   That the complaint does not state facts sufficient to constitute a cause of action ; and,

2nd.   That the complaint is ambiguous and uncertain in this, that all the allegations appear to be made upon information and belief, which is claimed to be evasive.

The first ground of demurrer is obviously not well taken, as all the averments that go to make up the cause of action are fully stated.    Reliance is principally had upon the second ground, and it is insisted among other things, that as the fact of Plaintiffs' partnership capacity is a fact which from its nature must be within the knowledge of the Plaintiffs, it should be positively alleged, and that omitting to do so is evasive.   The complaint is verified by an Attorney of the Plaintiffs, and is in form and substance such as is prescribed by Sec. 55 of the Practice Act, and shows that the Plaintiffs were non-residents of and without the county.   The Code evidently contemplates that under such circumstances the verification of a pleading may be made by the Attorney of the party. But if the Attorney is not personally cognizant of the facts alleged, he can only verify upon information and belief.   The pleading must run in the name of the party, who must appear to be the allegation of the party to the suit.   The Attorney cannot plead in his own name for the party.

It does not seem to be doubted but that a party who verifies his own complaint may distinguish between facts in the pleading alleged on knowledge, and those alleged on information and belief, and there seems to be no reason when the complaint is to be veried by the Attorney, why the pleading may not also distinguish on its face the facts as being on knowledge or on information and belief.

The pleading itself must be in the name of the party,

but may be in such form as to be truthfully verified by the Attorney within the limits and under the circumstances provided by the Statute. Nor is the suggestion, that in such a pleading the affiant verifying the complaint upon information and belief, merely swears that he believes what the party is supposed to believe, well founded. The legal as well as the natural construction and effect of the oath, is, that the affiant believes those matters to be true, which in the complaint are alleged upon information and belief to be true.

If these views are correct, it is no ground of objection that the partnership capacity of the Plaintiffs is alleged upon information and belief. It was a fact not presumably within the personal knowledge of the affiant. When a party verifying his own complaint shall state upon information and belief what is plainly to be presumed to be within his actual knowledge, it will be time enough to consider the effect of such pleading and the proper corrective. A complaint is not ambiguous or evasive by reason of the single fact that allegations are made upon information and belief. It is a common mode of averment to meet the actual state of knowledge of the party, under the system of pleading and verification in use in New York, California, and our own Territory. The 7th cause of demurrer under the 40th Section of the Code, "that the complaint is ambiguous, unintelligible and uncertain," has no reference to the mode of allegation under consideration, but is directed to that want of precision, completeness and directness of statement, which creates doubt and uncertainty as to the real matters alleged or intended to be relied upon as the substantive ground of action.

Doubtless a complaint in the ordinary narrative form of positive statement, and verified by the Attorney (where the necessary statutory conditions exist) in the usual form, would be good and perhaps more logically consistent, but there is no error by reason of the mode pursued in this case. The judgment is affirmed.

EMERSON and BOREMAN, J. J., concurred.