## WINNESHIEK COUNTY v. ALLAMAKEE COUNTY.

1. **Paupers:** ACTION AGAINST COUNTY OF SETTLEMENT FOR SUPPORT OF: PLEADING. In an action by one county against another for aid furnished to paupers claimed to have a settlement in the defendant county, it is not sufficient for plaintiff to aver that *it is informed* that the paupers have a settlement in the defendant county.

2. ———: ———: ESTOPPEL OF DEFENDANT TO DENY SETTLEMENT: FACTS NOT CONSTITUTING. The giving of notice by the plaintiff to the defendant county that certain paupers had applied for and were receiving aid from the plaintiff, and that defendant was required to provide for the paupers, as contemplated by section 1357 of the Code, and that plaintiff would hold defendant responsible for expenses incurred, followed by the neglect of defendant to notify plaintiff that it denied the settlement and refused to be liable for the support of the paupers, did not estop defendant from denying the settlement of the paupers in an action to recover for aid rendered by the plaintiff county. The estoppel provided for by section 1359 of the Code is not created by these facts, but by others recited in the section last named.

3. **Insane:** ACTION AGAINST COUNTY OF SETTLEMENT FOR EXPENSE INCURRED: JURISDICTION. Where a county which is sought to be charged with the expenses of an insane person denies the settlement of such person, and gives notice of such denial, the circuit court has exclusive jurisdiction to try the issues, but where no notice of such denial is given, the action to recover for such expenses may be maintained in the district court.

*Appeal from Allamakee District Court.*

FRIDAY, DECEMBER 14.

ACTION to recover for the support of two paupers, and also for certain expenses incurred in behalf of an insane person, and for damages caused by him.   The defendant demurred to certain counts of the petition, and moved to dismiss as to other counts. · Both the demurrer and motion were sustained. The plaintiff appeals.

*Brown & Portman,* for appellant.

*A. G. Stewart,* for appellee.

ADAMS, J.—I. Section 1358 of the Code provides that "the county where the settlement is shall be liable to the county

1. PAUPERS. action against county of settlement for support: pleading.

rendering relief for all reasonable charges and expenses incurred in the relief and care of a poor person," etc.   If this action can be maintained for relief furnished poor persons, it must be upon the ground that the persons relieved had a settlement in the defendant county.   The question raised by the demurrer is as to whether the petition shows such settlement.   The plaintiff in its original petition averred clearly enough that the poor persons had a settlement in the defendant county.   Being apparently dissatisfied, however, with having made such averment, it filed an amended petition, and omitted it, and averred that the plaintiff *was informed* that the poor persons had a settlement in the defendant county.   We think that we are justified in supposing that the plaintiff intended to change its position in this respect, and not simply make an additional averment.  We are confirmed in this view, because the plaintiff in its argument seems to treat the amended petition as a substituted petition.   Its position now is that its averment, that the plaintiff *was informed* that the poor persons had a settlement in the defendant county, is equivalent to an averment

that they had such settlement.   But this position cannot be sustained.   Its unsoundness is too manifest to require any discussion.

Another position taken is that it is immaterial whether the poor persons had a settlement in the defendant county or not. This position is based upon certain averments made in the petition, and admitted by the demurrer, and which, it is contended, when taken as true, show that the defendant is estopped from denying that the poor persons had a settlement in the defendant county.

*2. —— : —— ; estoppel of defendant to deny settlement : facts not constituting.*

Without stopping to consider whether, if this is so, the settlement should not be pleaded, we have to say that we think that no estoppel is shown.   The plaintiff avers that it served a notice upon the defendant that the poor persons had applied for relief, and were receiving it from the plaintiff, and that the defendant was required to provide for the poor persons as required by section 1357 of the Code, and that the plaintiff would hold the defendant responsible for expenses incurred.   The plaintiff also avers that it was not notified by the defendant that it denied the settlement of the poor persons, or refused to be liable for their support.   It contends, therefore, that under the statute the settlement of the poor persons in the defendant county became admitted.   The statute relied upon is section 1359 of the Code.   The county applied to for relief by a poor person having a settlement in another county may make an order of removal of the poor person to the county of his or her settlement, and give notice thereof to such county.   The section above cited provides that such order of removal shall be binding on the county to which it is made, unless within thirty days after the receipt of the notice of the order it gives notice of its intention to contest the order.   But it is not averred that the plaintiff made an order of removal.   What the plaintiff did was to cause the defendant to be notified that the poor persons had become a county charge, and were receiving relief from the plaintiff, and that the plaintiff would hold the defendant re-

sponsible. The effect of this notice was, if the defendant was the county of the poor persons' settlement, to impose upon it the duty of making an order of removal. The defendant was not obliged to serve upon the plaintiff notice of its intention to contest any order, for the reason that no order had been made. The plaintiff had its election to make an order of removal, or trust to the defendant to make one. But, in the absence of any order, the plaintiff was not remediless. If it furnished relief to one or more of the defendant's paupers, it could recover. But the burden was of course upon the plaintiff to show, not only that it had relieved certain paupers, but that the persons relieved were the defendant's. paupers. Its difficulty, we apprehend, is that it doubts the fact of the settlement in the defendant county. It seems to be seeking in some way to evade the necessity of proving such settlement. We think that the demurrer was properly sustained.

II. The plaintiff's second claim is based upon the ground that one Barker, having a settlement in the defendant county,

3. INSANE: action against county of settlement for expense incurred: jurisdiction. was arrested for crime, and sent to the plaintiff county for custody in jail; that while in jail he became insane and destroyed property belonging to the county, and the county incurred expense in conveying him to the asylum. The defendant moved to dismiss as to this claim, on the ground that the court had no jurisdiction of the subject matter thereof; and its motion was sustained. The defendant's position is that the circuit court has exclusive jurisdiction, under the provisions of section 1418 of the Code. That section provides that, where a county which is sought to be charged with the expenses of an insane person denies the settlement, it may give notice of such denial, and the provisions in regard to a disputed claim upon an order of removal of a poor person shall apply to a change of settlement of an insane person. In such case it is claimed that the circuit court has exclusive jurisdiction. Code, section 1359; *Cerro Gordo County v. Wright County*, 59 Iowa,

485.  But it does not appear in this case that the defendant gave notice that it denied the settlement, or would contest the claim upon that ground.  We are unable, therefore, to see that the case is one of which the circuit court has exclusive jurisdiction.  We think that the motion to dismiss for want of jurisdiction should have been overruled.

REVERSED.