CARPENTER ET AL. v. SMITH ET AL.

1. GENERAL DEMURRER.
Mere informalities in pleading are not obnoxious to a general demurrer
—that is, to a demurrer based upon the single ground that the
complaint does not state facts sufficient to constitute a cause of
action.
2. AVERMENTS UPON INFORMATION AND BELIEF.
The objection that the averments of a complaint are made on informa-
tion and belief is not a ground of demurrer either general or special;
such form of averments may be necessary where the verification is
made by an attorney.

*Appeal from the District Court of Arapahoe County.*

ACTION upon promissory note. Judgment in favor of
plaintiffs. Defendants appeal. The facts sufficiently ap-
pear in the opinion.

Mr. W. N. McBIRD, for appellants.

Messrs. MANLEY & MOORE, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Appellees were plaintiffs below. Their complaint shows
that they became the indorsees of a certain promissory note
executed by defendants, and that said note is due and unpaid.

1. The complaint is demurred to on the single ground
that it does not "state facts sufficient to constitute a cause
of action." The overruling of the demurrer is the only mat-
ter assigned for error; and on this appeal the only matter
urged against the sufficiency of the complaint is that its alle-
gations are made " on information and belief." This objec-
tion goes merely to the form of the allegations, and not to
the sufficiency of the facts alleged. It is well settled that
mere informalities in pleading are not obnoxious to a general

demurrer such as was interposed in this case.    Bliss on Code Pl., sec. 413 ; 2 Estee's Pl., secs. 3074, 3075.

2. It is not to be inferred from the foregoing that the complaint would have been obnoxious to a special demurrer— that is, to a demurrer upon the ground that its allegations were made on information and belief.    The record shows that plaintiffs were copartners, doing business in the state of Illinois ; their complaint was verified by their attorney on the ground that plaintiffs were *absent from the state, and so unable* to make the verification.    If one of the plaintiffs could have made the verification, presumably the complaint might, and probably would, have averred the existence of the partnership, the indorsement of the note before maturity, and perhaps other facts, positively ; but as it was necessary that the verification should be made by their attorney, the averments could only be in such form as the attorney could truthfully verify.    Verifications by persons not parties are expressly provided for under certain circumstances ; and in such cases allegations upon information and belief are not improper and may be a necessity.    Code, sec. 61 ; *Thackara v. Reid*, 1 Utah, 238 ; *Stoutenburg v. Lybrand*, 13 Ohio St. 228.

The causes or grounds of demurrer under our practice are clearly specified.    The supposed defect under consideration does not fall within any of the seven causes, and so is not properly a ground of demurrer.    Code, secs. 50, 51 ; *Hentsch v. Porter*, 10 Cal. 555 ; *Marie v. Garrison*, 83 N. Y. 23.

The facts stated in the complaint were sufficient to constitute a cause of action, and the district court did not err in overruling the demurrer upon that ground.    Its judgment, therefore, must be affirmed.

*Affirmed.*