SMUTZER v. STIMSON.

1. CONTRACTS—ILLEGAL CONSIDERATION.
A promise based upon an illegal consideration is void.
2. SAME.
A contract the consideration of which was an agreement not to defend a divorce suit pending between the parties, is illegal and void.
3. SAME.
Agreements to facilitate divorce are not to be tolerated.

*Appeal from the District Court of Arapahoe County.*

Mr. LUCIUS W. HOYT, for appellant.

Mr. G. Q. RICHMOND, for appellee.

THOMSON, J., delivered the opinion of the court.

Emma M. Stimson brought this suit against Frederick C. Smutzer, alleging that upon the institution, on the 8th day of February, 1894, of a proceeding against her by Frederick C. Smutzer for a divorce, she made an agreement with him that she would not appear to the action, or answer his complaint, and that she would waive and abandon any right she might have to alimony; in consideration of which agreement on her part, he made and entered into a written contract with her, which provided for the waiver of alimony by her, and bound him, in lieu of alimony to pay to her $50.00 per month during the period of her natural life. A compliance with

the agreement on her part, and a failure in the stipulated monthly payments on his part, were alleged, and judgment demanded. The answer admitted the agreement as alleged in the complaint, and upon motion of the plaintiff judgment was awarded her on the pleadings.

The only question for our determination is whether upon the allegations of her complaint the plaintiff was entitled to the judgment which she recovered. The plaintiff and defendant were husband and wife; the defendant commenced a suit for a divorce from the plaintiff, and it distinctly appears that the consideration of the written contract, and the promise which it contains, was an agreement of the plaintiff that she would make no defense to the action. This consideration was illegal, and the promise based on it void. It is true that under our law marriage is a civil contract; but it differs from all other contracts, in that when it is once entered into, it cannot be annulled at the pleasure of the parties. When the marriage relation has been assumed, it is indissoluble except by the solemn judgment of a court, for some cause which, after severe and jealous scrutiny, the court shall find sufficient under the law to warrant the judgment. It is not alone the interests of the immediate parties to which the law looks. It also takes into account the welfare of the social organization. There is an intimate connection between the sanctity of the marriage relation and the well-being of society; and, on grounds of public policy, agreements to facilitate divorce are not tolerated. *Adams v. Adams,* 25 Minn. 72; *Phillips v. Thorp,* 10 Ore. 494; *Muckenburg v. Holler,* 29 Ind. 139; *Loveren v. Loveren,* 106 Cal. 509; *Viser v. Bertrand,* 14 Ark. 276; *Stoutenburg v. Lybrand,* 13 Ohio St. 228.

The facts which invalidate this agreement appear on the face of the complaint. Upon the pleadings the judgment should have been for the defendant, and this judgment is therefore reversed.

*Reversed.*