G. S. ROBINSON, Treasurer, Etc., Appellant, v. D. FERGUSON & SON, Appellees.

Taxation: ACTION TO RECOVER: ALLEGATIONS OF PETITION: INFORMATION AND BELIEF. In an action brought by a county treasurer under Code Section 1374, for the recovery of taxes the petition is not subject to demurrer where the proper allegations are made, though stated "upon information and belief."

Same: PROVISIONS OF CODE OF 1897 RETROACTIVE. The obligation to pay taxes was not abrogated by the repeal of former statutes and the enactment of similar provisions in the Code of 1897, and while the new law provides a new remedy, it is retroactive and may be applied to enforce the collection of taxes not barred by limitation.

*Appeal from Pocahontas District Court.*—HON. W. B. QUARTON, Judge.

FRIDAY, JANUARY 30, 1903.

ACTION to recover taxes on property which was withheld, and not listed for taxation. The trial court sustained a demurrer to the petition, and plaintiff appeals.—*Reversed.*

*Wm. Hazlett,* County Attorney, *Healy Bros. & Kelleher* and *A. N. Botsford* for appellant.

*Prouty, Coyle & Prouty* for appellees.

DEEMER, J.—*Galusha v. Wendt,* 114 Iowa, 597; *Lambe v. McCormick,* 116 Iowa, 169; *Bell v. Stevens,* 116 Iowa,

451; *Beresheim v. Arnd*, 117 Iowa, 83,—decided after this case was tried in the lower court, settle most of the points in controversy.

Appellees contend, however, that the petition does not show that the omitted property was within the jurisdiction or power of the taxing officer of the county, or state facts showing the omission or nonassessment of the property. A second point made by them is that the right to taxes upon unassessed property prior to the adoption of the Code of 1897 was simply an inchoate and nonenforceable one, and that the repeal of the then existing laws by that Code, without any saving clause, absolved defendants of the duty of paying, and destroyed plaintiff's right to collect.

Of these in their order. The allegations of the petition relating to the first point are: "Count 1. That the plaintiff is the duly elected, qualified, and acting treasurer of Pocahontas county; that as such treasurer he has at a time heretofore been informed and duly apprised, and therefore believes, that the defendant on January 1, 1895, had certain personal property, consisting of moneys and credits, which they willfully and fraudulently failed, neglected, and refused to list and return to the assessor of the town of Rolfe, Pocahontas county, Iowa, at which town of Rolfe the said D. Ferguson & Son were residing and doing business as a co-partnership as brokers and merchants, both of whom were at said time actual residents of the said town of Rolfe, and personally engaged in the conduct of said business as aforesaid; that at said time the said defendants had not paid taxes on said property, nor had the same been by the said defendants or either of them listed or reported for taxation, and the plaintiff avers that the said defendants at said time knew that said property was taxable, and, knowing said fact, withheld the said property from assessment; that the said property consisted of cash

*1. ACTION to recover taxes: allegations of petition: information and belief.*

in bank, and under the immediate control of the defendants, certificates of deposit in bank, notes, mortgages, city warrants, bonds, partnership stock, choses in action, book accounts, due bills, and other similar credits, in the amount of seven thousand dollars; that the tax on said property, if paid according to the rates of taxation for the year 1895, would have amounted to the sum of $115.73; that no part of the said sum was paid, and prior to the institution of suit demand was made by this plaintiff for the payment of the said tax, as set forth in the original petition, to which reference is now made; that by reason of the fraudulent withholding of said property, as hereinbefore pleaded, there is due a penalty of fifty per cent. upon the amount of said tax, to be computed upon the amount of said tax and interest thereon." The exact point relied upon here is that the petitioner simply states "his information and belief," and not facts, and that a denial of the petition would have put nothing in issue but the information of the plaintiff and the state of his mind.

The statute under which the action was brought, so far as material, reads as follows: "When property subject to taxation is withheld, overlooked, or for any other cause is not listed and assessed, the treasurer shall, when apprised thereof, at any time within the five years cause an action to be brought in the name of the treasurer for the use of the proper county." Code, section 1374. The petition follows the language of the statute with reference to the plaintiff's knowledge, and is not vulnerable to the attack made upon it, provided it is found that it also charges an actual withholding of the property.

Looking to the petition as a whole, we think it fairly charges that defendants fraudulently withheld their property from assessment at the time stated. The character of the property is described, and the amount of taxes due thereon is definitely stated. *Winneshiek Co. v. Allamakee Co.*, 62 Iowa, 558, is not in point. There was no allegation

of "belief" in that case, and from the various papers filed by plaintiff therein the court found that there was no intent to charge a fact, but simply to state the information held by plaintiff. It is quite generally held that a statement of facts on information and belief is sufficient, in the absence of a motion attacking the pleading on this ground. *Carpenter v. Smith*, 20 Colo. 39 (36 Pac. Rep. 789); *Stoutenburg v. Lybrand*, 13 Ohio St. 233; *Thackara v. Reid*, 1 Utah, 238. In pleading facts not within the knowledge of the party an averment of belief is sufficient. *Radway v. Mather*, 5 Sandf. 654. See, also, *Howell v. Fraser*, 6 How. Prac. 221; *Dial v. Gary*, 24 S. C. 572. As said in the *Howell Case, supra*, an allegation that a party believes a fact exists is equivalent to a statement that a fact exists as he verily believes.

The county treasurer may not have actual knowledge that property has been omitted, but he is compelled to act when apprised of that fact. Taking the petition as a whole, we think it sufficiently appears therefrom that defendants wrongfully withheld property from taxation and failed and refused to pay taxes thereon. In the *Stoutenburg Case, supra*, it is said: "Any pleading under the Code, taken in connection with its proper verification, amounts to nothing more than a statement under oath of what a party believes to be true. As a general rule the proper mode is to state the facts directly and positively in the body of the pleading, and let the verification show that this statement is made as a matter of belief only. But violations of this rule which do not affect the substance of the cause of action or the grounds of defense cannot be reached by demurrer.   *   *   *   The plaintiff below might perhaps upon motion have had the words, 'he is informed and believes,' stricken out as redundant. If he thought himself prejudiced by their insertion, this was his proper remedy."

It sufficiently appears from the allegations of the petition above quoted that defendants were residents of Rolfe, Pocahontas county, Iowa, and that their property was taxable there.  By Code, section 1313, moneys and credits are taxable where the owner lives.  See, also, *King v. Parker*, 73 Iowa, 760.

II.  The second point made by appellees, that taxes on omitted property for the years 1895, 1896, and 1897 cannot be recovered, is really settled by *Galusha v. Wendt*,

2. SAME: provisions of Code of 1897 retroactive.

*supra*.  It is there said:  "It is plain enough that if, when the Code went into effect, the estate owed nothing to the county in the way of taxes, then an obligation of the estate on account of something omitted to be done could not constitutionally be created.  We think, however, this objection to the Code provision is based on a misconception of its purpose and effect.  *  *  *  The present Code requires taxpayers to assist the assessor by specially listing the required items of property to be entered for assessment, and to make oath as to the correctness of the list returned.   And these provisions were contained substantially in their present form in the statutes in force prior to the taking effect of the present Code.  The government has the same right to enforce the duty of the taxpayer to contribute to its support an account of omitted property that it has to enforce the payment of taxes previously levied.  With this construction the statute is not retroactive, in such a sense as to require us to hold it unconstitutional on the ground that it created an obligation based on past, as distinguished from present, facts."

However, if it be assumed that the case does not decide the point, it by no means follows that the position should be sustained.  Defendants were never relieved of their obligation to pay taxes on their property.   This was a continuing duty.  The repeal of the prior tax laws and the simultaneous reenactment of substantially similar ones

is not to be construed as relieving defendants from any duty under the old law. As said in *State v. Prouty*, 115 Iowa, 657: "The repeal and simultaneous reenactment of substantially the same provisions is not to be considered as an implied repeal of the original statute, but as a continuation thereof, so that all interests under the original statute shall remain unimpaired. The same rule applies to general revisions of existing laws which are substantially reenacted. In practical operation and effect, the new statutes are to be construed as a continuance and modification of the laws rather than as an abrogation of the old and the re-enactment of new ones." See, also *Gorley v. Sewell*, 77 Ind. 316. This seems decisive of the point now under consideration. It is true that no remedy such as is now provided existed prior to the adoption of the present Code, but the obligation to pay taxes did exist and has never been extinguished. Had there been a special remedy under the old law which was not carried into the new, then the cases cited by appellees might be considered in point. But this is not the situation. The remedy was created by the new Code, and the question, divested of all its subtleties, after all is this: May such statutes as the one under which this action is brought be made retroactive? We have already decided that it may, and that it is in fact retrospective in its operation.

The trial court was in error in sustaining the demurrer, and the judgment is REVERSED.