Argued April 13, affirmed June 29; 1960

# PARKER *v.* FAUST
### 353 P. 2d 550

*Clifford E. Nelson,* Portland, argued the cause for appellants. On the brief were Phelps & Nelson.

*Justin N. Reinhardt,* Portland, argued the cause for respondent. With him on the brief were Reinhardt & Coblens.

Before McAllister, Chief Justice, and Warner, O'Connell and Duncan, Justices.

O'CONNELL, J.

This action is brought against the defendants, who are real estate agents, to recover a profit alleged to have been received by them upon the sale of a parcel of real property purchased by them from plaintiff. The case was tried without a jury. The trial court rendered a judgment against the defendants for the sum of $6,795.16.

In 1952 the defendant George Faust sold his vendee's interest in the subject property to plaintiff. On April 23, 1957, plaintiff listed the property with the real estate firm of Payne & Faust, which first did business as a corporation and later as a partnership. The property was listed to be sold at $50,000. The partnership consisted of Frank E. Payne and Leo E. Faust. The defendant George L. Faust, the brother of Leo Faust, was employed as a real estate salesman by Payne & Faust.

Several months prior to listing the property with Payne & Faust plaintiff had received an inquiry from Mr. Philip Fry, agent of Norris, Beggs & Simpson, expressing an interest in purchasing the property for the Portland Gas & Coke Company. When plaintiff listed the property she informed defendant, George Faust, of Fry's inquiry and suggested that the prospect be further investigated. There was testimony adduced by defendants to show that George Faust did get in touch with Fry but that Faust was told that Portland

Gas & Coke Company was not interested in purchasing the property at the listed price, or at any other price.

On May 12, 1957, George Faust put advertisements relating to the property in question in two Portland papers. On May 13, 1957, George Faust offered to purchase the property from plaintiff by paying $15,000 in cash and assuming the unpaid balance of $6,468.13 owed by plaintiff on the contract under which she was purchasing the property, making a total of $21,468.13. Plaintiff accepted the offer and the agreement was evidenced by a written earnest money agreement. On May 16, 1957, Norris, Beggs & Simpson, acting through its agent Fry, signed an earnest money agreement for the purchase of the property for Portland Gas & Coke Company at a price of $30,000. The sale was consummated on June 3, 1957, at which time George Faust received $30,000.

On May 18, 1957, a closing statement was executed and George Faust delivered to plaintiff a cashier's check for $15,000 issued by the Bank of America on May 17, 1957.

The defendants, Payne & Faust, defend on the ground that the purchase of the property by George Faust from plaintiff, and the subsequent sale to the Portland Gas & Coke Company were not transactions of the Payne & Faust corporation or partnership, but were entirely those of George Faust personally. All of the defendants further defend on the ground that the purchase of the property from plaintiff was made at a time when there was no offer made by anyone, including Norris, Beggs & Simpson or Portland Gas & Coke Company, for the purchase of the property.

■■ At the time the purchase agreement was entered into between George Faust and plaintiff on May 13, 1957, the defendants stood in a fiduciary rela-

tionship to the plaintiff. The duty of loyalty owed by defendants to plaintiff obligated them to disclose fully all information concerning the prospective sale of the property. The burden of proof is upon the defendants to show that there was such a full disclosure and that they did not reap a secret profit. *Bell v. Scudder, Real Estate Com'r.,* 78 Cal App2d 448, 177 P2d 796 (1947), cert. denied, 332 US 792, 68 SC 102, 92 LE 374; *Silver v. Logue,* 127 Cal App 565, 16 P2d 183 (1932); *Rosenfeld v. Glick Real Estate Company,* 291 SW2d 863 (Mo 1956); *Jewell Realty Co. v. Dierks,* 322 Mo 1064, 18 SW2d 1043 (1929); *Meek v. Hurst,* 223 Mo 688, 122 SW 1022, 191 SW 68, 219 SW 619 (1920); *Berkeley Sulphur Springs v. Liberty,* 10 N J Misc 1067, 162 A 191 (1932); *Williams v. Bolling,* 138 Va 244, 121 SE 270 (1924); 2 Restatement of Agency, § 389, comment e.

█ The defendants fell far short of carrying this burden. In fact, had the burden rested upon the plaintiff, there was ample evidence to support plaintiff's contention that the property was purchased from her at a time when defendants had knowledge of Portland Gas & Coke Company's desire to purchase it. The evidence is also sufficient to establish the participation of the Payne & Faust partnership in the transaction in breach of a duty of loyalty to its client, the plaintiff.

It would serve no good purpose to specify the evidence which supports the trial court's conclusion. Generally, it may be pointed out that there was evidence definitely tending to show that defendants had knowledge of Portland Gas & Coke Company's interest in the purchase of the property on May 13, 1957 when plaintiff signed the earnest money agreement. A title report issued on May 15, and according to the testimony of Leo Faust ordered by Payne & Faust on

May 14, 1957, carried the notation "We find no unsatisfied judgments of record against Portland Gas & Coke Company, an Oregon corporation." From this, it would seem likely that both the title company and the defendants had knowledge on May 13, 1957 of Portland Gas & Coke Company's interest in purchasing the property. At least it very strongly supports the inference that on May 14 defendants knew that Portland Gas & Coke Company was a prospective purchaser. But George Faust testified that he did not receive the information concerning Portland Gas & Coke Company's offer until May 16, when Mr. Fry of Norris, Beggs & Simpson called him. This is not the kind of evidence which will satisfy the agent's burden of proving his loyalty in dealing with his principal.

There were other circumstances which cast doubt upon defendants' claim that the offer to purchase the property was not known on May 13. We shall not further recite the details tending to prove defendants' knowledge. It is enough to say that there was sufficient evidence to support the trial court's conclusion.

The defendants assign as error the lower court's refusal to sustain defendants' demurrer to plaintiff's complaint on the ground that it was based upon information and belief. Preceding the numbered paragraphs of plaintiff's complaint was the following language:

"Plaintiff complains of the defendants and for cause of action alleges:"

Several of the numbered paragraphs which followed began with the phrase, "upon information and belief." Thus, paragraph IV which contains the gravamen of the plaintiff's complaint, reads as follows:

"Upon information and belief, on or about

May 8, 1957, the defendants offered said property to Philip Fry, Norris, Beggs & Simpson and Portland Gas & Coke Company, who, on or about May 13, 1957, agreed to buy it as of June 1, 1957, for the sum of $30,000 cash. A written memorandum of said agreement was executed on or about May 16, 1957. A copy thereof is attached hereto, marked Exhibit 'B' and made a part hereof."

Defendants contend that this paragraph merely alleges that plaintiff is informed and believes that certain facts are true and not that certain facts are true as plaintiff verily believes. We think that it is important to observe the rules of pleading to the end that issues may be framed in a clear and orderly way. But we do not believe that pleadings should be held defective merely because they do not artfully express the pleader's cause of action. Apparently, paragraph IV was phrased as it was because the pleader felt that since the evidence tending to show the alleged transaction was circumstantial the allegation should reflect the plaintiff's lack of actual knowledge of the details of that transaction. See, Clark on Code Pleading (2nd ed), p 220. It is apparent from the pleading, however, that plaintiff intended to allege as a fact the essence of the transaction between defendants and the purchasers of the property. Certainly, the defendants understood the issue which was intended to be raised. We hold that the pleading was not fatally defective. See, *Robinson v. Ferguson,* 119 Iowa 325, 93 NW 350 (1903).

The judgment of the lower court is affirmed.