ALFRED THOMPSON v. LUCINDA THOMPSON.

*Husband and wife—Divorce.—Collusion.*

1. How. Stat. § 6232, is based upon public policy, which forbids the annulment of the marriage contract by the agreement of the parties.

2. An agreement by a wife to accept $500 in satisfaction of all her claims, as wife or widow, in her husband's property, which are released to the husband, coupled with her agreement that, in case he institutes proceedings to obtain a divorce, she will put him to no additional costs, and make no claim for alimony, but support herself without expense to him after the execution of such agreement, is collusive, and a fraud upon the court in which such proceedings are thereafter commenced.

Appeal from Allegan. (Arnold, J.) Argued April 11, 1888. Decided April 27, 1888.

Bill for divorce. Decree dismissing bill affirmed. The facts are stated in the opinion.

B. Schoonmaker, for complainant, contended as stated in the opinion.

CHAMPLIN, J. In this case the complainant filed his bill ·praying a divorce from the defendant, on the ground of ·cruel and inhuman treatment. He averred in his bill—

" That the acts done and cause of divorce charged in this bill of complaint, for which divorce is sought, were committed without the consent, connivance, privity, or procurement of your orator, and that such bill is not founded upon or exhibited in consequence of any collusion, agreement, or understanding whatever between the parties thereto, or between your orator and any other person "

Section 6232, How. Stat., provides:

" No divorce shall be decreed in any case when it shall appear that the petition or bill therefor was founded in or exhibited by collusion between the parties, nor where the party complaining shall be guilty of the same crime or misconduct charged against the respondent."

The bill of complaint was taken as confessed by the defendant after personal service of subpœna upon her.

After testimony had been taken before a commissioner, the court ordered the complainant to appear personally before the court, and give testimony in the cause. From his testimony it appears that, before the bill was filed, complainant made offers to his wife to get her to release all interest in his property. He testified:

" I told her I would not pay her the $500 unless she would get a divorce, or let me,—I did not care which; that I was going to have, and have things solid, or I would not pay anything; that I was going to get clear if I paid that much. I told her if she would make out the writings that way, so that I could get a divorce, or she could,—I did not care which, —I would pay her the $500 just as she wanted it. She wanted I should get the divorce if I paid her for it. She did not want any. I told her I would not pay unless I got one."

After this she executed a quitclaim deed, and signed an agreement, set out in full in the record, as follows:

" This agreement, made and entered into this twenty-seventh day of November, A. D. 1886, between Lucinda Thompson, of Hopkins, Allegan county, Mich., of the first part, and Alfred Thompson of the some place, of the second part, witnesseth:

" That whereas, the parties of the first and second part are husband and wife, and have separated in consequence of

mutual disagreements and difficulties, and have agreed to live separate and apart hereafter;

"And whereas, said party of the first part has agreed to accept the sum of $500 as and for her interest in and to all the property of the said party of the second part, both real and personal, including all dower interest in his real estate, and all right in and to his personal property, not only during the life of said party of the second part, but for all claims as the widow of said party of the second part, should she survive him, in and to any and all interest in his personal estate after his death.

"Now, therefore, in consideration of the sum of $500 to her duly paid, the receipt whereof is hereby acknowledged, the said party of the first part doth hereby sell, assign, and transfer to the said party of the second part all her right, title, and interest in and to his property, both real and personal, and doth hereby agree, for herself, her heirs and assigns, that she will put in no claim against his estate, should she survive him, for any share of his personal property, or any allowance out of the same.

"Said party of the first part doth hereby further covenant and agree that she will, from and after this date, contract no debts or other obligations for which said party of the second part shall in any manner be liable, and that, in case said party of the second part shall institute any proceedings to obtain a divorce, she will put him to no additional costs therein, and make no claim for allowance, alimony, or maintenance in said divorce proceedings, and that she will, at all times hereafter, support, maintain, and clothe herself, without expense to said party of the second part.

"In witness whereof the party of the first part hath hereunto set her hand and seal the day and year first above mentioned.

"LUCINDA THOMPSON. [Seal.]"

Complainant then paid her $500, and filed his bill in this cause.

The circuit court dismissed the bill of complaint, and complainant appeals.

His counsel claims that the statute only refers to that class of cases where parties, without any cause for a divorce, agree together collusively to obtain a decree; and that in this case

the testimony shows that complainant had a legal cause for divorce.

We do not feel called upon to decide whether the complainant had a legal cause for divorce under the testimony. The agreement made was in contravention of the statute. It is immaterial whether complainant had cause for divorce or not. The statute is based upon public policy, which forbids the annulment of the marriage contract by the agreement of the parties. Such an agreement is collusive, and a fraud upon the court, which requires a positive averment that the bill of complaint is not exhibited in consequence of any collusion, agreement, or understanding whatever between the parties thereto. Chancery rule 95.

The decree of the circuit court is affirmed.

SHERWOOD, C. J., MORSE and LONG, JJ, concurred. CAMPBELL, J., did not sit.