MILLIE F. GENTRY, Appellant, v. JAMES GENTRY, Respondent.

Kansas City Court of Appeals, November 23, 1896.

1. **Divorce:** COLLUSIVE SUIT. Where parties by an agreement stipulate that they mutually agree to make application for a legal separation, etc., neither can maintain an action for divorce.

2. ———: MARRIAGE: PUBLIC INTEREST. The marriage relation and its dissolution concern the public as well as the individuals and such relation can only be dissolved for the reason set out in the statute.

*Appeal from the DeKalb Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*Harwood & Hubbell* for appellant.

(1) The agreement set forth in appellant's abstract of record is absolutely void, and should have been ignored by the trial court. *Blank v. Nohl,* 112 Mo. 159. (2) The court erred in sustaining the demurrer. Bliss on Code Pleading [3 Ed.], sec. 425 A; *Eads v. Gains,* 58 Mo. App. *loc. cit.* 594; *Water Co. v. Aurora,* 129 Mo. *loc. cit.* 584; 1 Bishop on Mar. Div. & Sep., sec. 1711, 1712; *Silcox & Martin v. McKinney,* No. 5, 2 Mo. App. Rep. 990; *Davis v. Line,* 126 Mo. 78; *MacAdam v. Scudder,* 30 S. W. Rep. No. 1 (Mo.), 168; *McCartin v. McCartin,* 37 Mo. App. *loc. cit.* 473; *Dawson v. Dawson,* 23 Mo. App. *loc. cit.* 174; *Cannon v. Cannon,* 17 Mo. App. 390; *Hooper v. Hooper,* 19 Mo. 355; *Lindenschmidt v. Lindenschmidt,* 29 Mo. App. 295; Bliss on Code Pleading [3 Ed.], sec. 161.

*Casteel & Haynes* for respondent.

While the collusive contract could not be enforced as between the parties, yet it is binding as between them, and the trial court, for the purpose of proving collusion and a direct effort on their part to impose upon the court, and defeat the policy of the law. It is an agreement to separate, apply for, and procure a divorce and that no defense will be made. It is, therefore, collusive; and, so being, the trial court was warranted in admitting it in evidence and refusing ali-

mony. Plaintiff is not an "injured party," within the meaning of the law. *Blank v. Nohl*, 112 Mo. 159; *Gilmer v. Gilmer*, 37 Mo. App. 672; 2 Bishop on Marriage and Divorce [6 Ed.], sec. 28 and sec. 239.

GILL, J.—This is a suit for divorce. Shortly after it was begun the plaintiff filed her application for alimony *pendente lite*, and about the same time defendant filed a demurrer to the petition. The application for alimony and the demurrer were submitted to the court on the same day. In seeking to defeat the claim for alimony, defendant produced in open court an agreement in writing, executed by both parties only a short time before the action was begun, in which it was stipulated "that they mutually agree to make application for a legal separation, and in consideration of the above agreement, that each one renounce and relinquishes all right, title, and interest and claim acquired under law by marrying, in the property which each one had previous to marrying, and Millie F. Gentry further agrees that she will not apply for alimony, and she waives all right of dower, and it is further mutually agreed that each party will take all the necessary steps, after a legal separation has been granted, without expense to the other party, to carry out this agreement in word and spirit, and it is further mutually agreed that either party may apply for a legal separation, and the other party will not contest the same."

Thereupon the court denied the motion for alimony, sustained the demurrer to plaintiff's petition for divorce, dismissed the case, and plaintiff appealed to this court.

Plaintiff's counsel have contended in their brief that the court below erroneously sustained a demurrer to plaintiff's petition, and that for that reason the judgment ought to be reversed and cause remanded. We

find it unnecessary to pass upon the sufficiency of the petition, since, in our opinion, the judgment dismissing plaintiff's bill and striking the cause from the docket was entirely proper. In other words, the judgment is for the right party and will be affirmed.

. This clearly is a collusive action for divorce and such as the courts will not entertain. Such collusion will bar an action by either party. As said in Bishop on Marriage, Divorce, and Separation, volume 2, section 252: "However just a cause may be, if parties collude in its management, so that in real fact both are plaintiffs while by the record the one appears as plaintiff and the other as defendant, it can not go forward. It is so even where material facts are mutually suppressed, while their production would not have changed the result. All conduct of this sort, disturbing to the course of justice, falls within the general idea of fraud on the court and of contempt of court." See, also, *Blank v. Nohl*, 112 Mo. 159; *Gilmer v. Gilmer*, 37 Mo. App. 672.

The marriage relation, and when and for what causes it shall be dissolved, concerns the public as well as the individuals thus united. Such relation can only be dissolved for the reasons set out in the statute. Parties can not of their own volition rescind the matrimonial contract. The courts are justified in calling for a full and complete disclosure of all the facts, on both sides, before dissolving the relation. And when the parties then institute a pretended suit, under a collusive agreement between themselves to cheat the court by falsifying or concealing the facts, and this collusion is shown to exist at any stage of the proceedings, it is deemed a conspiracy against justice and will "stop the judicial wheels for the obvious reason that courts sit to advance justice and antagonize fraud."

Our statute requires that the plaintiff seeking a divorce make an affidavit and file it along with the petition, "that the complaint is not made * * * by collusion * * * between the plaintiff and defendant." Sec. 4501, R. S. 1889.

Judgment affirmed.    All concur.