## LOUISA FISHER *vs.* WM. L. FISHER.

*Divorce—Power of Court to Elicit Evidence on Its Own Motion.*

Under a bill for a divorce filed by a husband and a cross-bill by the wife, each charging the other with adultery, it was held by the trial Court that both parties were guilty and that consequently neither was entitled to a divorce, and this ruling was affirmed on appeal. Afterwards the

wife filed a bill against her husband for a divorce on the ground of adultery committed after the decree in the former case, to which however no reference was made in the proceedings. The evidence established the charge and no defense was made. The trial Judge on his own motion caused the fact to be brought out that the parties were the same as in the former case and dismissed the bill. *Held*, that since it is the duty of the Court to refuse a decree of divorce to a party not entitled to it although no defense be made, the bill was properly dismissed.

Appeal from the Circuit Court of Baltimore City (STOCK-BRIDGE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*Oliver C. Warfield*, for the appellant.

No appearance for the appellee.

PAGE, J., delivered the opinion of the Court.

The appellant in this case is seeking a divorce *a vinculo matrimonii* from her husband, the appellee. She charges in her bill that he has been guilty of adultery, since the first day of January, 1901, with divers women whose names are unknown to her. The docket entries are not set out in the record and it does not appear whether he was summoned or appeared voluntarily without the service of subpœna. The bill was filed on the ninth day of November, the answer of the appellee was filed three days later. On the 14th November issue was joined and on the same day leave was granted to the appellant to take testimony. On the fifth day of December the testimony was taken, and returned to the Court, and on the same day by agreement of parties the cause was "submitted for decree and the 43rd General Equity Rule" waived; and without argument was referred by the Court to the Auditor and Master. The appellee in his answer admits all the averments of the bill except those contained in the third and fourth paragraphs to the effect that the appellant "has always been" a chaste wife, and that since the

first day of January, 1901, the appellee has been guilty of adultery, &c. ;" as to these, "he neither admits nor denies" but "calls for strict proof thereof." All the testimony taken was on behalf of the appellant. None was offered by the appellee. The cross-examination of appellant's witness was brief and its effect was merely to emphasize what had already been elicited. It is apparent we think from the facts we have just recited that the learned Judge below was fully justified in closely scrutinizing this proceeding when it came before him for his action for the purpose of being assured there were not important facts, other than those that appeared in the return of the examiner, that should have been brought to his knowledge. Accordingly having knowledge of a certain other case between parties of the same name in which the bill and a cross-bill for divorce had been dismissed "upon the grounds that the parties were *in pari delicto*" the Judge "sent for the solicitors in the present case, and in open Court the said solicitors admitted to the Court that the Louisa Fisher and William L. Fisher, who are parties to this cause are the same persons who were parties to the antecedent case of *Fisher* v. *Fisher.*"

He then dismissed the bill, and from the decree the appellant has taken this appeal.

With his decree, the Judge filed an opinion a part of which is now here reproduced ; viz :

"It is an elementary principle of divorce law that the party seeking the aid of a Court of equity for relief from matrimonial bonds must be without fault to be entitled to the interposition of the Court, yet in this case the plaintiff by the findings of this Court and the Court of Appeals has been guilty of the same offense as that charged against the husband, and is not therefore entitled to the relief sought, if the fact is properly before the Court.

"The former proceedings between the parties and the judgment of the Court therein are not mentioned in the pleadings nor referred to in the evidence, yet they are matters not merely of the personal knowledge of the Court, and a part of the

records of this Court, but also of the Court of Appeals of this State, and the identity of parties in the two proceedings is admitted by their respective solicitors.   *   *

"The present proceeding, however, is one for divorce, and cases of this character are not conducted in all respects or bound by the same rules as other causes.   In theory at least the State is always a party to every divorce proceeding, and since not represented by a solicitor, the duty of watching the proceedings in the interest of the State devolves upon the Court, and while in a case of a different character, one in which the State has no interest, the Court may not be entitled to take notice of its own proceedings and records, in a divorce proceeding it becomes incumbent upon it to do so.   If in the discharge of its duty the Court is called upon to act in a case for divorce where it appears by its own records and the adjudication of the Court of last resort in the State, that the complainant is not entitled to the relief of a Court of equity, the Chancellor who would grant the divorce would be lacking in the duty imposed upon him, and fall short of the obligation due the State."

The former proceedings thus referred to will be found reported in 93 Md. 299, and by reference to the case in the printed volume it will appear that the appellee in this case filed a bill against the appellant charging adultery and praying for a divorce *a vinculo matrimonii*.   The appellant denied the charge but presented counter charges of the same kind in a cross-bill in which she also asked for a divorce *a vinculo*.   It was held in the Court below and in this Court that the testimony showed that both of the parties had been guilty of adultery and for that reason neither was entitled to a divorce, so that, if the record of the antecedent proceedings had been laid before the Judge in the regular manner, this case would have been one in which the wife, a proven adulteress herself, comes again into Court and prays for a divorce from her husband upon the ground that he had committed the same offense of which she also had been guilty.   She would not under such circumstances most certainly, be coming into Court with clean

hands, and for a Court of equity then to grant her relief "would be offering a bounty to guilt." *Fisher* v. *Fisher, supra.*

It is insisted however by the appellant that these facts were not properly before the Court and that the Judge erred in considering any other facts than those which had been established by the evidence which had been regularly offered before the examiner. In view of this contention it becomes proper to enter upon the power and the duty of the Court under the circumstances existing at the time the case was submitted to him for his decree. In *J. G.* v. *H. G.*, 33 Md. 406, it was held, that under the authority conferred by the Code, Art. 16, sec 35, the Court sits as a Divorce Court and "must be governed by the rules and principles established in the Ecclesiastical Courts in England, so far as they are consistent with the provisions of the Code ;" and therefore the decisions of those Courts in similar cases "may properly be referred to as precedents," "as safe and authoritative guides for the Courts of this State in disposing of cases of this kind. It has always been held, in England as well as in this country, that the public has a peculiar interest in the marriages of its citizens since upon the proper preservation of the marriage ties depends the decency and purity of society. Therefore, though unmarried persons may contract the status of marriage when they mutually please, those who have assumed it cannot cast it off by mutual consent, as parties to an ordinary contract may annul its obligations." 2 *Bishop on M. & D.*, ch. 16, see. 230, 6th ed. ; *Hall* v. *Hall*, 3 Swab. & T. 347.

And it is for this reason that a cause for divorce cannot be established by admission of parties alone, as public policy requires that such confession to be sufficient to support a decree must be corroborated by other evidence. *Betts* v. *Betts*, 1 Johnson's Ch. 199; *Harris* v. *Harris*, 2 Hagg. Eccl. R. 376; *Summerbell* v. *Summerbell*, 37 N. J. Eq. 603; *Robinson* v. *Robinson*, 1 Sw. & Tr. 362; 9 *Am. & Eng. Ency. of Law*, title Divorce, p. 845. 2nd ed.

This generel principle, maintained by the Courts of England and most of the Courts of this country, has been recog-

nized and enforced in this State by legislative enactment. It is provided by sec. 40, Art. 16 of the Code, that "the admission of a respondent, of the facts charged in a bill for a divorce, who consents to the application, shall not be taken of itself as conclusive proof of the facts charged as the ground of the application." This statute is a legislative recognition of the principle that the State has a peculiar interest in the maintenance of the marriage ties. In ordinary cases the parties may agree as to what facts shall be submitted to the Court, and may by agreement waive any rights they may have but do not desire to exercise. But in divorce cases the policy of the State demands that the marriage bond shall not be broken except for sufficient and legal causes, specially designated in the statute. This policy is founded upon the necessity that exists for the protection of the rights and interests of children and other individuals who, though not parties to the cause, might be deeply affected by its results, and also for the preservation of the public morality which demands that the marriage tie shall not be severed except for such sufficient and legal causes as the statute specifically designates. For the more efficient maintenance of these principles, in England and in some of the States of the Union, a divorce suit is regarded as a triangular proceeding, and the statutes or the practice of the tribunal allow the State to be represented by the appearance of its proper officer. *Butler* v. *Butler*, 14 Prob. Div. 160. See statutes of several States cited in 7 *Ency. Pl. and Prac.*, p. 67.

In this state there is no statute authorizing the appearance of the public attorney but none the less the duty of protecting the public interests is in the care of the tribunal before which the proceedings are pending, and it will be astute in enforcing the policy and principles of the law lest by the suppression or perversion of important facts it be made the medium of obtaining a decree to which neither of the parties is justly and legally entitled. More particular also will be the scrutiny of the Court if there are circumstances which "alarm the jealousy of the Court" and reasonably excite suspicion lest there may

be a suppression of facts, that ought to have been brought to its knowledge. *Williams* v. *Williams*, 4 Eng. Ec. 415. And further, if there be reason for the suspicion that important testimony has not been produced, the Judge may of his own motion elicit such evidence, in any manner that the rules of his tribunal allow. *Thompson* v. *Thompson*, 70 Mich. 62; *Owen* v. *Owen*, 48 Mo. App. 208–210; *Peck* v. *Peck*, 44 Hun. 292; in which the Court said that "to prevent judgments of divorce to be taken where a valid defense exists, Courts on their own motion interfere to prevent such result when the facts are brought to their knowledge."

Here the Court below had knowledge from the printed reports of the decisions of this Court that a case between parties having the same names as those then before him had been disposed of in which it was decided that both husband and wife had violated their marital vows, and for that reason neither was entitled to a divorce from the other. No reference having been made to these proceedings in the pending case and no reason having been assigned for the omission to do so, it was entirely proper for the Judge to elicit, on his own motion, proof as to the identity of the parties and it having been admitted that "the Louisa Fisher and William L. Fisher parties to this cause are the same persons who were the parties to the antecedent cause," the bill was properly dismissed.

*Decree affirmed.*

(Decided June 18th, 1902.)