MIDA A. BRANSON, APPELLANT, V. ISAAC R. BRANSON, APPELLEE.

FILED JUNE 8, 1906.   No. 14,167.

Divorce: COLLUSION. An agreement between the parties to a pending suit for a divorce for the collusive rendition of a decree therefor will defeat the action, and it is immaterial that one of the parties may have supposed such agreement to be free from legal or moral wrong.

APPEAL from the district court for Hamilton county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*J. A. Whitmore* and *J. H. Edmondson,* for appellant.

*R. D. Stearns, contra.*

AMES, C.

Appellant was plaintiff in the court below in an action for a divorce. While the action was pending she entered into a written agreement with her husband to the effect that, "in consideration of the said defendant, Isaac R. Branson, not going personally upon the witness-stand to testify against Mida A. Branson in her suit against him for divorce," she would make no application in said suit for either temporary or permanent alimony, and that, in case a divorce should be granted, the plaintiff should have set apart to her certain articles of personal property and certain moneys, which she claimed as her

separate estate, and she should execute to her husband
a formal release and quitclaim of all dower estate, or
other rights or interests in his lands and personal prop-
erty by reason of the marriage or otherwise.   This agree-
ment was identified by the wife in the course of her cross-
examination as a witness upon the trial and brought to
the attention of the court, who thereupon dismissed the
suit.   The character of this document as an agreement
for a collusive divorce is too evident to require comment,
and that the existence of such an agreement will defeat
the action is elementary.   *Gentry v. Gentry,* 67 Mo. App.
550; *Adams v. Adams,* 25 Minn. 72; *Phillips v. Thorp,* 10
Ore. 494; *Thompson v. Thompson,* 70 Mich. 62; 1 Nelson,
Divorce and Separation, secs. 502-506.   Testimony by
the plaintiff seeking to explain her motives in entering
into the agreement, if competent at all, emphasizes rather
than refutes the idea, expressed in the writing itself, that
her sole object sought to be obtained thereby was the
facilitating and expediting of the rendition of a decree of
divorce.   It is immaterial that the plaintiff may have sup-
posed such an act free from legal or moral wrong.   The
evidence discloses that the agreement was entered into by
the plaintiff voluntarily and deliberately in the presence
of her counsel and of another person, who subscribed his
name to the document as a witness.   Her own explana-
tion of her conduct is that her husband had repeatedly im-
portuned herself and counsel to enter into such an agree-
ment, and that she finally consented so to do in order to
be rid of his annoyance, and because she had not prayed
in her petition, and had not intended to apply for, either
permanent or temporary alimony or suit money, attor-
ney's fees or other.

Counsel for plaintiff concedes in his argument that the
agreement by its terms and upon its face is collusive, and
would be effectual to defeat the action but for the fore-
going explanation. To our minds the testimony of the wife
is wholly insufficient to purge the document of its vice.
If such a transaction could be validated by the oath of one,

or even of both, of the parties that it was entered into without any real consideration and from morally pure or justifiable motives, means would be found to uphold it in every instance. We are of opinion that, when such an agreement has been executed deliberately and without trick or illusion as to its contents, its own recitals are conclusive to us to the purpose and intent of the parties thereto. As to the legal effect of such a document there can be no doubt. As is said in 2 Bishop, Marriage and Divorce, sec. 252: "However just a cause may be, if parties collude in its management, so that in real fact both are plaintiffs, while by the record the one appears as plaintiff and the other as defendant, it cannot go forward." And again in sec. 697: "Any agreement between the parties to withhold facts or evidence from the court, or to influence its decision by concealment or misrepresentation, is, as collusion, void." And in sec. 698: "So a wife's undertaking to accept $500 in full for all her claims as wife or widow in her husband's property, coupled with her promise not to resist his divorce suit, should he bring one, to put him to no additional costs, and to make no claim for alimony, was held to be a mere nugatory attempt to defraud the court in which afterwards he should bring his suit." In *Adams v. Adams, supra,* the supreme court of Minnesota say:

"The authorities are uniform in holding that any contract between the parties, having for its object the dissolution of the marriage contract, or facilitating that result, such as an agreement by the defendant in a pending action for divorce, to withdraw his or her opposition, and to make no defense, is void as *contra bonos mores.*"

The defendant observed the terms of his contract. He filed no answer in the action and did not appear therein as a witness. The only evidence in behalf of the plaintiff, except with respect to the execution of the agreement, was the testimony of the plaintiff herself. Section 38, ch. 25, Comp. St. 1905, enacts: "No decree of divorce and of the nullity of a marriage shall be made solely on the declarations, confessions or admissions of the parties, but the

court shall in all cases require other satisfactory evidence of the facts alleged in the bill for that purpose." In view of this statute and of the collusive agreement to suppress the testimony of the defendant, the correctness of the judgment of the district court is not open to question, and we recommend that it be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.