HARRY A. DOCHELLI, SR. *v.* PAULINE VITA DOCHELLI.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued April 6—decided May 5, 1939.

*D. Harold Cotter,* for the appellant (defendant).

*John J. Casale,* for the appellee (plaintiff).

JENNINGS, J. This case went to judgment in January, 1938, and the defendant appealed. In May, 1938, the defendant made a motion for alimony pendente lite and this motion was granted in June. The plaintiff appealed from this action and the defendant's motion to erase this appeal was heard at the October term and denied for the reasons stated in the memorandum thereon. *Dochelli* v. *Dochelli,* 125 Conn. 466, 3 Atl. (2d) 667. The plaintiff's appeal from the granting of the motion for alimony was subsequently heard at the December term and was disallowed, the court saying: "It is to the interest of the state that all questionable features of a suit for divorce should be fully investigated." *Dochelli* v. *Dochelli,* supra. The evidence was then printed and the case heard on the complete record at the April term, 1939.

The trial court found that no claims of law were made during the trial. The corrections claimed in the finding, material to the judgment, are not seriously pursued on the brief. With one exception the defendant relies on the finding as made rather than on the corrections sought. Since the finding supports the judgment, it would be possible to dispose of the appeal without considering the claims of law assigned as error by the defendant and discussed in her brief. The character of some of the charges made by the defendant are such, however, that it seems advisable, if not necessary, the action being one for divorce, to determine whether any basis for them exists. *Dochelli* v. *Dochelli,* supra.

It would serve no useful purpose to rehearse the finding in any detail. It discloses the picture of domestic infelicity which is unfortunately only too common in the record of modern divorce. The decree was granted on the ground of intolerable cruelty. While there was some physical abuse of the plaintiff, his

principal complaint was founded on the baseless jealousy of the defendant and its manifestation, not only by continual nagging and argument day and night, but by accusations made in the presence of the three children, of friends and of patients in the office of the plaintiff, who was a practicing dentist. As a result the parties separated in 1931.

The trial court found that this jealousy was without foundation and was due to a gradually increasing paranoia. The defendant claims that if her acts and mental attitude were due to paranoia (a form of insanity), she could not be charged with intentional cruelty. "Insanity at the time of the commission of the acts constituting the ground of divorce is a full defense." *Storrs* v. *Storrs*, 68 N. H. 118, 119, 34 Atl. 672. In the case cited, however, as in practically every case in the note, 19 C. J. 76, § 170, referred to by the defendant where the defense was held good, the defendant was indubitably insane and usually confined in an asylum. Careful perusal of the record indicates that the term "paranoia" was not used in the finding in its technical sense but meant no more than that the defendant had an obsession that the plaintiff was unfaithful to her. *Walton* v. *Walton*, 57 Neb. 102, 111, 77 N. W. 392. This does not connote insanity in the narrower sense and will not avail as a defense. There is no finding that the condition of the defendant was such that she could not use her reason to tell right from wrong. Smoot, Law of Insanity, § 424. The defendant takes nothing by this assignment of error.

The defendant also complains that the plaintiff was guilty of "an attempted collusion" and did not come into equity with clean hands. This is based on an offer by the plaintiff during the protracted negotiations for the settlement of the marital difficulties between his wife and himself, to pay her $3000 in instalments.

This offer was made to avoid the necessity of a contested hearing, out of solicitude for the good name of the children and the protection of the reputation of the mother. The record of the testimony discloses that the fears of the plaintiff on both scores were fully justified. While his offer cannot be commended (*Maisch* v. *Maisch,* 87 Conn. 377, 379, 87 Atl. 729), where the circumstances are fully disclosed to the court and the eventual contested hearing results in a judgment for the plaintiff, there is no such fraud as will vitiate the decree. *Felton* v. *Felton,* 123 Conn. 564, 568, 196 Atl. 791. The essence of collusion is an intention to impose on the court. *Mills* v. *Mills,* 119 Conn. 612, 621, 179 Atl. 5. The conduct of the plaintiff in seeking the proposed settlement in no way entered into the case as it was presented to the court and his previous conduct did not require that he be refused the relief to which he proved himself entitled. *Orsi* v. *Orsi,* 125 Conn. 66, 70, 3 Atl. (2d) 306; *Employing Printers Club* v. *Doctor Blosser Co.,* 122 Ga. 509, 516, 50 S. E. 353. *Thompson* v. *Thompson,* 70 Mich. 62, cited by the defendant, turns upon a Michigan statute and rule of court.

The parties were in continual negotiation over support and the education of the children from the time of the separation. As long as there is any possibility of a reconciliation, the plaintiff in a divorce action should not be charged with laches. Such a charge would be ineffective in any event in the absence of a showing of disadvantage to the defendant. *Mills* v. *Mills,* supra. No such situation is disclosed by the record as would justify the application of this doctrine.

One assignment of error directed to the finding is specifically pursued on the brief although the defendant admits it does not affect the judgment. Before testifying, the defendant moved to withdraw a cross-

complaint filed by her. This motion was denied by the court. This was within its discretion. General Statutes, § 5494.

The other assignments of error do not require discussion.

There is no error.

In this opinion the other judges concurred.