IDA DERVIN v. ARTHUR DERVIN ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 110776 F.R.
AT NEW HAVEN

Memorandum filed January 29, 1968

*Paul A. Scholder,* of New Haven, for the plaintiff.

*Herman S. Bershtein,* of Hamden, for the defendants.

FITZGERALD, J. This is an action for divorce brought by the plaintiff wife against the defendant husband on the alleged ground of intolerable cruelty. General Statutes § 46-13. The writ refers to the defendant husband as "an incapable person," and the codefendant Lewis Dervin as "conservator on the estate of Arthur Dervin." In substance, the allegations of intolerable cruelty stated in the plaintiff's amended complaint are that between January 1, 1951, and the date of the writ, which is June 16, 1966, the defendant husband used obscene language, hid personal articles belonging to the plaintiff, struck her, destroyed household articles, and threatened the plaintiff's life. In his answer, the defendant husband denies the allegations of intolerable cruelty directed against him and, by way of cross complaint, himself seeks a divorce on the broad ground of intolerable cruelty, without specifications, which the plaintiff denies in her answer thereto. That the parties intermarried in Poland on December 26, 1936, and that there are no minor children as issue of the marriage are allegations not disputed in the pleadings.

After the pleadings were closed, the defendant moved for permission to file a special defense which the court *(Grillo, J.)* granted. This defense reads: "If there were acts of cruelty as alleged by the plaintiff herein, then the defendant, presently under conservatorship, was not responsible for the acts of cruelty complained of by said plaintiff." The plaintiff demurs to this interposed special defense on the ground that the allegations therein, "even if proven,

would not constitute a legally sufficient defense to the allegations contained in the plaintiff's complaint."

Briefs of counsel appear to take the position that the subject of the interposed special defense gives rise to a consideration of insanity as a defense to a charge of intolerable cruelty in an action for divorce. Both briefs cite *Dochelli* v. *Dochelli,* 125 Conn. 468, in support of their respective positions. In that case, which was tried on its merits, the plaintiff husband was granted a decree of divorce on the ground of intolerable cruelty. His principal complaint was founded on the baseless jealousy of the defendant and its manifestations. The trial court found that jealousy on the part of the defendant was without foundation and was due to a gradually increasing paranoia. At page 470 of the opinion, our Supreme Court quoted with approval an excerpt from the opinion of the New Hampshire Supreme Court in *Storrs* v. *Storrs,* 68 N.H. 118, 119, that "[i]nsanity at the time of the commission of the acts constituting the ground of divorce is a full defense." In *Dochelli,* it was the defendant's claim on appeal "that if her acts and mental attitude were due to paranoia (a form of insanity), she could not be charged with intentional cruelty." Referring to the New Hampshire case particularly, and to most of the cases from other jurisdictions, our Supreme Court noted (p. 470) that "where the defense [of insanity] was held good, the defendant was indubitably insane and usually confined in an asylum. Careful perusal of the record indicates that the term 'paranoia' was not used in the finding in its technical sense but meant no more than that the defendant had an obsession that the plaintiff was unfaithful to her. . . . This does not connote insanity in the narrower sense and will not avail as a defense. There is no finding that the condition of the defend-

ant was such that she could not use her reason to tell right from wrong. Smoot, Law of Insanity, § 424. The defendant takes nothing by this assignment of error." General reference is made to the following sources: 24 Am. Jur. 2d, Divorce and Separation, § 239; note, 19 A.L.R.2d 144 §§ 1–4; 1 Nelson, Divorce and Annulment (2d Ed.) § 9.06.

Clearly, the subject of the interposed special defense by the defendant, alleging in effect exoneration for acts of cruelty complained of by the plaintiff in her complaint because he presently is under conservatorship, does not invoke on its face the defense of insanity. The appointment of a conservator is regulated by statute (§ 45-70) and can occur "[w]hen any person having property is found to be incapable of managing his affairs by the court of probate in the district in which he resides or has his domicile." In *Cleveland's Appeal,* 72 Conn. 340, 342, our Supreme Court upheld the appointment of a conservator notwithstanding a finding by the Superior Court that the appellant, the subject of conservatorship, was "neither insane nor an idiot."

That a person having property is incapable of managing his affairs and has a conservator appointed to do so on his behalf does not warrant a finding or interpretation in and of itself that such person is insane. What was said in the *Dochelli* case, supra, 470, applies with even greater force: "This does not connote insanity in the narrower sense and will not avail as a defense."

The within memorandum is perhaps longer than the exigencies of the immediate problem require. To go no further, the plaintiff's demurrer to the interposed special defense of the defendant is required to be, and is, sustained. The form and subject of the special defense as drafted do not withstand the thrust of the demurrer.