### Doris M. Arpin v. Leo J. Arpin

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 35583

Memorandum filed June 17, 1969

*Suisman, Shapiro, Wool, Brennan & Gray,* of New London, for the plaintiff.

*Brown, Jacobson, Jewett & Laudone,* of Norwich, for the defendant.

FITZGERALD, J. The parties hereto, wife and husband, as joint tenants are in possession of certain real estate with improvements thereon located in the town of Norwich. The action is one for partition under the statute. General Statutes § 52-495. On March 28, 1969, the defendant filed an answer ad-

mitting the allegations contained in the complaint and, in addition, a special defense. On April 1, 1969, the plaintiff interposed a demurrer to the special defense which the court sustained without memorandum on April 16, 1969. Thereafter, on April 25, 1969, the defendant filed another special defense, to which the plaintiff filed a reply on April 28, 1969, thus closing the pleadings by the joining of issues. So also on April 28, 1969, the plaintiff moved for summary judgment in her favor, to which motion the defendant filed an objection on May 2, 1969. No hearing to date has been had on that motion.

On May 5, 1969, the situation being as reflected in the foregoing, the plaintiff interposed a demurrer to the defendant's special defense of April 25, 1969. This was done without the plaintiff's obtaining consent of opposing counsel or asking leave of the court to withdraw her reply on file as of April 28, 1969, and for permission to file a demurrer in lieu thereof. The demurrer came before the court for hearing on May 29, 1969.

"[T]he filing of an answer is a waiver of the right to demur . . . ." Stephenson, Conn. Civil Proc. § 89, citing *Denison* v. *Crafts,* 74 Conn. 38, 39. "The plaintiff waived . . . [her] right to demur by pleading in confession and avoidance . . . ." *Denison* v. *Crafts,* supra. By her reply on April 28, 1969, to the defendant's special defense of April 25, 1969, pleadings were closed and issues joined. Section 74 of the Practice Book specifies the order of pleadings. That order "must be complied with except by consent of counsel or order of court after hearing . . . ." Practice Book § 74 n. The plaintiff's present demurrer is subsequent in time to her reply to the defendant's special defense. Neither consent of the defendant's counsel nor order of the court granting a relaxing of § 74 of the Practice Book was sought and obtained by the plaintiff.

It follows that the demurrer of the plaintiff to the special defense of the defendant was improperly filed. See subject of preceding paragraph. The disposition made by the court suo motu is that the interposed demurrer by the plaintiff be stricken. Since the demurrer was improperly filed, to say that it is overruled is not quite accurate although the result is the same.

Disposition: Plaintiff's demurrer to defendant's special defense is stricken by the court suo motu.