[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #116
The issue presented here is whether a third party defendant can file a motion to strike the third party complaint, after previously filing an answer and special defenses.
The facts pertinent hereto are as follows:
While acting as an employee of Stop Shop Companies, Inc. (hereinafter "Stop Shop), the plaintiff, Eleanor Vreeland slipped and fell on a wet and freshly waxed floor that had been CT Page 11386 allegedly, washed and waxed by the defendant, Medi-Kleen Corporation (hereinafter "Medi-Kleen").
On January 14, 1991 the plaintiff filed a writ, summons and compliant, naming "Medi-Kleen" as the only defendant. On and special defenses dated February 12, 1991. Plaintiff then responded by filing her reply to special defenses on February 22, 1991, thereby closing the pleadings as between the plaintiff and the defendant "Medi-Kleen."
Then on December 13, 1991 the defendant filed a motion to implead (Motion #109), which motion was granted by the court, Fracasse, J., on December 30, 1991. The defendant next filed a third party complaint on January 27, 1992.
Thereafter, the third party defendant, "Stop Shop," filed its answer and special defenses dated May 12, 1992 (No. 113). However, on may 15, 1992 the same third party defendant filed a withdrawal of its answer and special defenses, followed by the filing on May 18, 1992, of the third party defendant's motion to strike the third party complaint (Motion #116).
The purpose of a motion "to strike [is to] challenge the legal sufficiency of a pleading." Mingachos v. CBS, Inc.96 Conn. 91, 108, 491 A.2d 368 (1985). A "motion to strike must be filed by the defendant before answering the compliant." McAnerney v. Wilson, 2 CSCR 398 (February 13, 1987, Jacobson, J.).
In the instant case the third party defendant, "Stop 
Shop," filed an answer and special defenses, followed by a withdrawal, which was followed by a motion to strike. Practice Book 112 however, specifies the order of pleadings as follows: "(1) the plaintiff's complaint; (2) the defendant's motion to dismiss the complaint; (3) the defendant's request to revise the complaint; (4) the defendant's motion to strike the complaint; (5) the defendant's answer (including any special defenses) to the complaint. . . ." Our courts have long held that "after filing an answer, it [is] improper. . .to file any motion addressed to the complaint without seeking the permission of the court." Phaneuf v. Commissioner of Motor Vehicles, 166 Conn. 449, 451,352 A.2d 291 (1974). See also, Sabino v. Ruffolo, 19 Conn. App. 402,404, 562 A.2d 1134 (1989) ("Pleadings are not to be filed out of the order specified in 112, and the filing of a pleading listed later in the order set out by 112 waives the right to be CT Page 11387 heard on a pleading that appears earlier on the list"); O G Industries v. Town of New Milford, Superior Court, Judicial District of Litchfield, Docket No. 055198 (September 18, 1991) ("The defendant's motion to strike the complaint must be filed prior to his answer to the complaint. . . . [T]he failure to file the motion to strike prior to filing the answer to the complaint constitutes a waiver of the right to file the motion to strike").
Section 113 of the Practice Book goes on to say that:
 In all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section.
In one of the seminal cases in this area that dealt with the predecessor to 112 and 113 of the Practice Book, the court has noted that "Section 74 of the Practice Book specifies the order of pleadings. That order `must be complied with except by consent of counsel or order of court after hearing. . . .'" Arpin v. Arpin, 28 Conn. Sup. 187, 188, 256 A.2d 257 (Super.Ct. 1969) quoting Practice Book, 1963, 74 (now 112).
Nevertheless, Practice book 173 says that "further proceedings, subsequent in nature, may be had if necessary by leave by court."
 [Where] the parties have stipulated that the defendants may file an answer [out of order], and [where] the plaintiff [has] not object[ed] to the defendant's motion to strike being filed out of order [,] [i]t is within the discretion of the trial court to allow the defendant to plead out of the order prescribed.
McAnerney v. Wilson, supra, 398-99. the file does not indicate, however, that the third party defendant requested permission from the third party plaintiff or the court to file its pleadings out of order. CT Page 11388
The provisions of the Connecticut Practice Book and supporting case law hold "inasmuch as the answer. . .precede[s] the motion to strike, the right to file a motion to strike [is] thereby waived in accordance with Section 113 of the Connecticut Practice Book." Fleet Nat'l Bank v. Mascolo,2 Conn. L. Rptr. 285
(August 22, 1990, Walsh, J.). There is no evidence that the third party defendant either obtained the third party plaintiff's, "Medi-Kleen's," consent to file its answer and special defenses and its motion to strike, out of the order prescribed in Practice Book 112 and 113, or requested permission from the court to do so.
Consequently, because the third party defendant neither obtained the consent of the third party plaintiff to file its answer and special defenses before its motion to strike, and more importantly, failed to ask leave of the court to file its pleadings in this way, third party defendant's attempt to circumvent the process by its filing of a withdrawal fails and its motion to strike must be denied as procedurally defective.
Motion to Strike is denied.
MAIOCCO, J.