[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S THIRD, FOURTH AND FIFTH SPECIAL DEFENSES AND DEFENDANT'S ENTIRE COUNTERCLAIM (NO. 124)
The plaintiff, G E Enterprises, Inc., filed a one-count complaint on March 27, 1992, seeking to recover from the defendant, Automart, Inc., on a default judgment which entered on January 24, 1992, in the Circuit Court of Arlington County, Virginia. In its second amended complaint, filed on December 21, 1992, the plaintiff alleges that pursuant to the Virginia judgment, it is entitled to collect $17,300.00 plus interest and costs from the defendant, and that the judgment remains wholly unsatisfied.
The order of judgment issued by the Virginia court (attached as an exhibit to the plaintiff's original complaint) was entered based upon the defendant's failure to appear and file an answer in that proceeding.
On March 1, 1993, the defendant filed an answer along with five special defenses and a seven-count counterclaim. On March 29, 1993, the plaintiff filed a motion to strike the defendant's third, fourth and fifth special defenses, and the defendant's entire counterclaim. On April 14, 1993, the defendant filed an objection to the plaintiff's motion on the ground that it does CT Page 5006 not set forth the claimed legal insufficiencies in the text of the motion itself, as required by Practice Book 154.
On April 16, 1993, the plaintiff filed a withdrawal of its March 29, 1993 motion to strike, and filed a second motion to strike which states the claimed legal insufficiencies in the text of the motion (i.e., in the proper form, as mandated by Practice Book 154). The defendant filed an objection to the plaintiff's withdrawal of its first motion on April 19, 1993. The plaintiff filed a reply to the defendant's objection on May 3, 1993.
The defendant objects to the plaintiff's withdrawal of its first motion to strike (filed on March 29, 1993), and the plaintiff's attempt to file a second motion to strike (filed on April 16, 1993) on the following grounds:
(1) the plaintiff's first motion to strike appeared as an arguable matter on the April 19, 1993 short calendar;
(2) the plaintiff's second motion to strike responds to arguments contained in the defendant's memorandum in opposition to the first motion to strike;
(3) the plaintiff's second motion to strike is an improper attempt to correct the improper form of its first motion to strike;
(4) the plaintiff, in filing its second motion to strike, has failed to obtain either the consent of the adverse party or the court's permission, as required by Dochelli v. Docheilli,125 Conn. 468, 471-72, 6 A.2d 324 (1939); and
(5) by filing the first motion to strike, the plaintiff has waived its right to file a second motion to strike. (The defendant cites Arpin vs. Arpin, 28, Conn. Sup. 187, 189-90,256 A.2d 257 [1968] in support of this proposition.
In its reply, the plaintiff argues that it has not waived its right to file a second motion to strike.
The defendant's reliance on Dochelli v. Dochelli, supra, is misplaced, as that case does not address the issue of the order of pleading, nor does it address the issue of whether the plaintiff waived its right to file a motion to strike. (In CT Page 5007 Dochelli, the Supreme Court ruled that the trial court's denial of the defendant's motion to withdraw a cross-complaint was within the trial court's discretion.)
In Arpin v. Arpin, supra, the court ruled that "[t]he filing of an answer is a waiver of the right to demur. . . ." (Citations omitted.) Id., 188. Arpin is inapposite to the present case. In Arpin, the plaintiff filed an answer to the defendant's special defense and then attempted to file a demurrer to the special defense without first obtaining either the consent of the defendant's counsel or an order of the court. In the present case, the plaintiff is not seeking to plead out of order. Rather, the plaintiff is seeking to withdraw a previous motion to strike which was not in the proper form, and substitute a second motion to strike which complies with the form mandated by Practice Book 154. Thus, the defendant has cited no authority which would bar the plaintiff from withdrawing its facially defective first motion to strike, and substituting a second motion to strike which complies with Practice Book 154.
The Practice Book is to be "`favorably and liberally construed as a remedial statute.'" DeFilipi v. DeFilippi,23 Conn. Sup. 352, 353, 183 A.2d 630 (Superior Court 1962). While the defendant filed an objection to the form of the plaintiff's first motion to strike, the plaintiff filed a withdrawal of the first motion prior to its consideration by the court. In so doing, the plaintiff has not waived its right to file a motion to strike, and is not attempting to circumvent the order of pleading prescribed by Practice Book 112. Since the plaintiff did not file an answer to the defendant's special defenses and counterclaims, the plaintiff has not waived its right to file a motion which addresses the pleadings. See e.g. Sachs v. Feinn,121 Conn. 77, 80, 183 A. 384 [1936]. Therefore, since the plaintiff's first motion to strike was not acted upon by the court prior to its withdrawal, the court, in the exercise of its discretion, overrules the defendant's objection to the plaintiff's withdrawal of its first motion to strike, and allows the plaintiff to file the second motion to strike, so that the court may address the second motion (and the defendant's opposition thereto) on the merits. In so doing, the court notes that both motions address the defendant's third, fourth, and fifth special defenses and the entire counterclaim, and both motions contain similar substantive arguments. Since the defendant has responded to the plaintiff's arguments, the CT Page 5008 defendant will not be prejudiced in any way by the court's decision to address the plaintiff's second motion to strike on the merits.
A motion to strike challenges the legal sufficiency of the allegations of any complaint, counterclaim, or cross claim, to state a claim upon which relief can be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion may also be used to contest the legal sufficiency of special defenses contained in an answer to a complaint. Practice Book 152(5); Kasrow v. Christensen, 40 Conn. Sup. 287, 288,492 A.2d 850 (1985). In determining whether a motion to strike should be granted, the question is whether if the facts alleged are taken to be true, the allegations provide a cause of action or a defense. King v. Board of Education, 195 Conn. 90, 93,486 A.2d 1111 (1985).
In support of its motion to strike the defendant's third, fourth and fifth special defenses, the plaintiff argues that these special defenses are legally insufficient because they fail to allege facts sufficient to state a basis upon which collateral attack may be sustained.
When a plaintiff asserts a common law action to collect on a foreign judgment, the debtor has the right to collaterally attack the foreign judgment by establishing facts that would render that judgment void. Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 472, 451 A.2d 291 (App. Sess. 1982).
 [T]o be successful, a collateral attack must prove a judgment void, not merely voidable. . . . Broadly stated, this would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment.
(Citations omitted.) Rathkopf v. Pearson, 148 Conn. 260, 265,170 A.2d 135 (1961).
 In general, it is permissible to interpose as a defense want of jurisdiction of the court by which the judgment was rendered, . . . payment, satisfaction, or CT Page 5009 release of the judgment, that the judgment was not a final judgment, the statute of limitations, . . . and, under certain circumstances, fraud in obtaining the judgment. . . .
C.J.S., Judgments, 874.
 If a set-off or counterclaim against a judgment is permissible in the jurisdiction in which an action on a foreign judgment is brought, usually a set-off or counterclaim may be interposed in such action.
Id., 876. In Peters Production, Inc. v. Dawson, 182 Conn. 526,438 A.2d 747 (1980), the court recognized a defendant's ability to assert a set-off against the plaintiff's foreign judgment, provided that the defendant affirmatively raised the claim by way of a special defense or counterclaim. Id., 528. The court went on to allow the defendant to raise by way of a special defense, a claim that the plaintiff should not be able to enforce its foreign judgment in a Connecticut court because the plaintiff failed to comply with General Statutes 33-412(a) which provides in part that "[n]o foreign corporation transacting business in this state in violation of 33-396 shall be permitted to maintain any action . . . in any court in this state unless such corporation has obtained a certificate of authority." Id., 529.
The defendant's third, fourth and fifth special defenses provide:
3. . . . General Statutes [33-412(a)] precludes the maintenance and prosecution of Plaintiff's action to enforce a void Judgment.
4. Plaintiff has been paid all sums which are owed to it by the defendant.
5. Defendant is entitled to a setoff against the Plaintiff for the value of automobiles which it transferred to the Plaintiff but which the plaintiff failed to fully pay for. . . .
The defendant's third and fifth special defenses are valid and legally sufficient. See Peters Production, Inc., v. Dawson, CT Page 5010 supra, 528-29.
The defendant's fourth special defense is legally sufficient because a claim of payment of a judgment is not a "direct" attack on the judgment itself, and because authority exists for allowing a debtor to plead payment as a special defense to a common law action to enforce a foreign judgment. See C.J.S Judgments, 874 and the cases cited therein.
Therefore, the plaintiff's motion to strike the defendant's third, fourth and fifth special defenses is denied.
In support of its motion to strike the defendant's entire seven-count counterclaim, the plaintiff argues that the counterclaim arises out of a separate transaction, as the counterclaim refers to the plaintiff's actions as a purchaser of automobiles from the defendant.
Practice Book 116 provides that a counterclaim must arise out of the transaction which is the subject of the plaintiff's complaint. Practice Book 116. Wallingford v. Glenn Valley Associates, Inc., 190 Conn. 158, 160, 459 A.2d 525 (1983). The crucial issue is whether the subject matter of the counterclaim is so connected with the matter in controversy under the complaint that its consideration is necessary for a full determination of the parties' rights. Springfield-DeWitt Gardens, Inc. v. Wood, 143 Conn. 708, 713, 125 A.2d 488 (1956).
The defendant's counterclaim contains seven counts. In the first count, which sounds in breach of contract, the defendant alleges, inter alia, that:
5. Plaintiff has entered into various automobile purchase agreements . . . whereby Plaintiff agreed to purchase certain automobiles from the Defendant for an agreed and certain sum. . . .
6. Plaintiff has obtained possession, ownership and title to various automobiles pursuant to the purchase agreements but Plaintiff has failed to tender full payment to the defendant for all of said automobiles. . . .
These paragraphs are incorporated into the remaining counts, which allege the following claims against the plaintiff: conversion (second count); larceny (third count); negligence (fourth count); violation of General Statutes 42-110a et seq. CT Page 5011 ("CUTPA") (fifth count); violation of CUTPA (sixth count); and violation of CUTPA (seventh count). Thus, the defendant's entire counterclaim is based on allegations that the plaintiff took possession of the defendant's vehicles pursuant to various contracts, and failed to tender payment to the defendant.
The plaintiff's motion for judgment in this case is based on the following findings made in the Virginia action:
(1) the plaintiff assigned two specifically identified automobiles to the defendant;
(2) the defendant sold the automobiles at an auction; and
(3) the defendant refused to pay the plaintiff for these vehicles.
The defendant's counterclaim fails to connect the judgment referred to in the plaintiff's complaint (where plaintiff, in the Virginia action, alleged that it assigned two of its automobiles to the defendant, and the defendant subsequently sold the automobiles and failed to pay plaintiff) with the allegations contained in its counterclaim (in which it is alleged that the plaintiff took possession of automobiles owned by the defendant and then refused to tender payment to the defendant.) Thus, the defendant's counterclaim does not arise out of the transaction which is the subject of the plaintiff's complaint.
Accordingly, the plaintiff's motion to strike the defendant's entire counterclaim is granted, as the entire counterclaim fails to comply with the transaction-test stated in Practice Book 116.
BALLEN, JUDGE