[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action for wrongful discharge arises from plaintiff Joseph Whitaker's dismissal from his position with the Stamford City Housing Authority. The plaintiff's complaint, dated September CT Page 426 6, 1988, alleged that he was wrongfully terminated and that he did not receive a fair hearing because the defendant, Housing Authority, was biased and prejudiced against him. The defendant filed an answer and three special defenses on November 14, 1988. On November 28, 1988, the plaintiff filed a reply denying those special defenses.
On April 28, 1992, the defendant filed a request for leave to amend its answer by adding a fourth and fifth special defense. On April 29, 1992 the plaintiff filed an objection to the defendant's proposed amended special defenses. On May 11, 1992 the court, Rush, J., overruled the plaintiff's objection. To date, the plaintiff has not replied to these fourth and fifth special defenses.
On January 7, 1993 and on January 11, 1993, the defendant filed a request for leave to amend the fifth special defense and to add a sixth special defense, respectively. On January 15, 1993, the plaintiff filed an objection to these amendments. On January 26, 1993, the defendant filed a request for leave to amend the answer to add a seventh special defense. The plaintiff did not object to the defendant's January 26, 1993 request for leave to amend.
On April 5, 1993 plaintiff's counsel advised the court that plaintiff was withdrawing his January 15, 1993 objection. Then, on October 13, 1993, the plaintiff filed a motion (#124) to strike the defendant's special defenses, pursuant to Practice Book 152(5) on the ground that none of them "are good special defenses."
Special Defenses One, Two, and Three
Practice Book 112 sets forth the order in which pleadings are to be filed. Sabino v. Ruffolo, 19 Conn. App. 402, 404,562 A.2d 1134 (1989). "[T]he filing of a pleading listed later in the order set out by 112 waives the right to be heard on a pleading that appears earlier on the list." Id., Practice Book 113. Practice Book 112 lists the plaintiff's reply to any special defenses as the last pleading and "further pleadings . . . may be had if necessary by leave of the court." Practice Book 173.
Plaintiff has waived his right to challenge the first three special defenses because he replied to these special defenses almost five years ago. Arpin v. Arpin, 28 Conn. Sup. 187, 188,256 A.2d 257 (1969) (striking plaintiff's demurrer to defendant's CT Page 427 special defense where the plaintiff had already replied to that special defense).
Special Defenses Four, Five, Six and Seven
Defendant argues that since plaintiff failed to object to its seventh special defense within fifteen days of the date of the amendment, he is deemed to have consented to the amendment pursuant to Practice Book 176. Defendant also argues that since plaintiff failed to file a responsive pleading to the defendant's fourth, fifth, sixth and seventh special defenses within the ten day period prescribed by Practice Book 177, he has waived his right to file a motion to strike these special defenses. Practice Book provides in pertinent part:
 [w]hen any pleading is amended the adverse party may plead thereto within the time provided by Sec. 114 or, if he has already pleaded, alter his pleading, if he so desires, within ten days after such amendment or such other time as these rules, or the court may prescribe. . . . . . . If the adverse party fails to plead further, pleadings already filed by him shall be regarded as applicable so far as possible to the amended pleading.
First, since plaintiff failed to object within the fifteen days of the filing, as required by 176, he is deemed to have consented to the amendment adding the seventh special defense. Second, pursuant to 177, plaintiff's reply to the first three special defenses becomes the operative pleading and no further pleadings, including a motion to strike, are permitted. Therefore, the motion to strike is denied.[1]
So Ordered.
Dated at Stamford, Connecticut this 12th day of January, 1994
WILLIAM BURKE LEWIS, JUDGE