[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKE
This is a motion to strike six special defenses to the third and fourth count of a complaint. The third count is based on a claim under the Dram Shop Act and the Fourth Count on the case of Kowal v. Hofher, 181 Conn. 355 (1980) which permits an action based upon allegations of reckless conduct in serving alcoholic beverages to another.
1
The first and second special defenses raise claims of contributory negligence but it is clear that such a defense will not lie against claims brought under the Dram Shop Act or those based on reckless and wanton conduct such as that alleged here, Belanger v. Village Pub I, Inc., 26 Conn. App. 509,512-513 (1992).
The defendant argues however that under P.B. §§ 112, 113 and 114 the plaintiff has waived his right to file the motion to strike the first three special defenses. As to the first special defense the plaintiff replied to it so that he can't under P.B. § 112 file a motion to strike after his reply. CT Page 5263
The second and third special defenses were filed eighteen months previously to this hearing on the motion to strike by means of an amendment to the special defenses. Under P.B. § 114B the defendant claims the plaintiff should have filed its motion to strike within 15 days of the filing of the revised special defenses — well over a year ago. Moller and Horton in their commentary on P.B. § 114 note that "the enforcement of the time limitation to pleadings is by motion for default or nonsuit", ConnecticutPractice, Moller Horton, page 283. That is not an appropriate remedy here. Belanger indicates as a matter of law these special defenses cannot be raised; the defendant can hardly claim that any claimed waiver of the plaintiff's right to file a motion to strike would allow him to raise these defenses at trial despite Belanger.
The Practice Book doesn't seem to create any precise sanction for this situation but there appears to be no good reason for the court to punish itself by putting off a ruling on these legal issues until the trial judge has to decide them at the last minute.
A court certainly can rely on failure to comply with rules 112, 113, and 114 as a basis to refuse to rule on a motion to strike, Arpin v. Arpin, 28 Conn. Sup. 187 (1969),Fleet National Bank v. Mascolo, 2 Conn. L.Rptr 285 (1990). But a court also has the power to waive the operation of the rules in an appropriate case, Sabino v. Ruffolo,19 Conn. App. 402, 404 (1989), Evans v. City of Milford,2 Conn. L. Rptr. 92, 93 (1990).
The court grants the motion to strike the first and second special defenses.
2
The third special defense is that if damages were sustained they were caused by the negligence or recklessness of the intoxicated driver. It is difficult to see what defense is being raised. The plaintiff seems correct in asserting that conduct on the part of the intoxicated driver is not a defense to the third and fourth counts that can properly be asserted by the defendant permittee of the bar where the liquor was served. CT Page 5264
The defendant claims that the third special defense was caused by the negligence of the intoxicated driver not his intoxication. But this can be raised by a simple denial of the plaintiff's allegation in the complaint that the intoxication caused the injury and death of the plaintiff.
The defendant makes a claim concerning Section 52-572h(c) and the need to retain some or all of the first three special defenses for apportionment purposes. But the third and fourth counts aren't negligence actions under the terms of the statute, cf Rome v. Daisy Manuf Co.,775 F. Sup. 41, 42 (D.C. Conn., 1991), Percle v. Coastal StellCorp., 17 Conn. L. Trib No. 22 at page 37 (1990).
3
The fourth special defense claims the notice requirements of Section 30-102 were not complied with; the fifth special defense asserts that the defendant Robichaud can't be held liable since he is not the owner or backer of the bar.
The plaintiff's motion to strike claims both these issues were decided in a memorandum of decision filed by another judge earlier in this case which denied the defendant's motion to dismiss. The defendant doesn't contest this representation but cites P.B. § 146 which states that when a motion to dismiss is denied regarding a jurisdictional issue "the defendant may plead further without waiving his [sic] right to contest jurisdiction further." This only refers to claims of lack of personal not subject matter jurisdiction however. Judge Purtill in fact denied the motion to dismiss as regards the adequacy of the notice so his decision is the law of the case and the issue can't be raised by means of a special defense as the defendant seeks to do in the fourth special defense and the fifth special defense.
In the original motion to dismiss filed by the defendant he claimed the notice under the Dram Shop Act was defective because it was served prior to the date the administratrix was appointed and it was directed to Robichaud who was neither the owner nor backer of the bar and therefore not the seller of alcohol under the act. CT Page 5265
The fifth special defense raises the latter issue not under an inadequate notice and therefore under a subject matter jurisdiction claim. The defendant might now claim the fifth special defense merely raises a question of the applicability of the act and judge Purtill's decision which dealt with the issue in subject matter jurisdiction terms should not preclude his raising the issue as a special defense that has nothing to do with a strict jurisdictional claim.
But the fact remains that in deciding the jurisdiction question Judge Purtill did decide the precise legal issue raised by the fifth special defense.
The fifth special defense is also stricken. Apparently the sixth special defense is being withdrawn.
Corradino, J.