O'DONNELL *v.* O'DONNELL

[No. 5, October Term, 1953.]

*Decided November 4, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Richard T. Earle*, with whom was *J. Thomas Clark* on the brief, for the appellant.

No brief and no appearance for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Queen Anne's County, in equity, dismissing the cross-bill of a husband filed in a divorce proceeding instituted by the wife. The wife's bill had charged adultery, which the husband denied, but was never pressed to trial. It was admitted that there were two minor children, the issue of the marriage, in the custody of the wife, and that jurisdiction over the children had been taken by the Circuit Court for Queen Anne's County, sitting as a Juvenile Court. The cross-bill, filed several years later, charged desertion, but no answer was filed to it and after a decree *pro confesso* the matter was referred to an examiner and testimony taken. Neither the wife nor her attorneys of record was present at the hearing before the examiner, and no testimony was offered on behalf of the wife.

When the matter was referred to the court for decree, the Chancellor stated, in a memorandum opinion, that the testimony would support a decree on the ground of desertion, but "because of certain testimony heard in one of two sets of cases, in which this member of the Court sitting as a Juvenile Court presided, to the effect that the husband was the father of another child by another married woman not his wife, this Court is of the opinion that it must decline to grant the relief prayed by the husband. As the Court recalls the testimony referred to, the husband, being present, did not then deny the paternity of said child, but whether

or not the failure to deny was deliberate or because the husband was not given an opportunity to do so, the Court does not now remember. But the Court is certain that the testimony came out as a result of the Juvenile Court's investigation of the non-support of either the minor children of the parties to this proceeding, or the other minor children of the other woman who allegedly bore a child by Henry O'Donnell." In the appeal to this Court there was no appearance on behalf of the wife and no brief filed.

In the leading case of *Fisher v. Fisher*, 95 Md. 314, 52 A. 898, it was pointed out that because of the State's interest in divorce proceedings arising out of its concern for the welfare of the children and public morality, a duty rests upon the court to refuse a decree to a party not entitled to it, although no defense is made. *Cf. Rucker v. Rucker*, 185 Md. 539, 542, 45 A. 2d 282, and *Dougherty v. Dougherty*, 187 Md. 21, 30, 48 A. 2d 451. In the *Fisher* case the Court took notice of a prior proceeding between the same parties, in which it had been held in the court below, and affirmed on appeal, that both parties had been guilty of adultery. The Court of its own motion elicited proof as to the identity of the parties, and dismissed the bill. This action was affirmed on appeal.

In *Matthews v. Matthews*, 112 Md. 582, 589, 77 A. 249, 251, 29 L. R. A., N. S., 905, although the *Fisher* case was cited with approval, this Court reversed the action of the Chancellor in dismissing a bill for divorce on the ground of abandonment, and directed that the divorce be granted. In that case, however, the action of the Chancellor had been predicated upon an alleged inconsistency between the testimony in the case before him and the testimony in a previous case instituted by the complainant which the Court had dismissed, bearing upon the sincerity of the husband's efforts at reconciliation. The answer raised the issue of *res judicata*, but no proof was offered. Since the testimony in the prior case was not put in evidence, it was held that the

proceedings in that case were not properly before the Court, "and not being in the record, are not before us on this appeal." The Court also said that if the fact of a prior dismissal were considered, it would not establish the defense of *res judicata,* or "avail the defendant on this appeal, without disregarding the testimony on the part of the plaintiff by four disinterested witnesses, set out in this record, as to the intention and determination of the wife to live apart from her husband, * * *."

In the instant case the question is not simply one of *res judicata* or the sufficiency or weight of the evidence. The circumstances known to the Chancellor were enough to raise the suspicion, at least, that pertinent evidence was withheld and that the husband was not entitled to relief but was in fact guilty of adultery. It is true that there was no proof adduced, and the circumstances were perhaps capable of explanation or defense. We think the Chancellor should have required the production of testimony, instead of relying upon his own imperfect recollection, but because of the public policy involved we think the case should be remanded for further proceedings under Section 42, Article 5 of the Code.

> *Case remanded, without affirmance or reversal, costs to be paid by the appellant.*